FILED

NOV 1 5 2007

USDC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x    Index No.:  301887/07
BERIAM ORTIZ,

                 Plaintiff

        v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

               Defendants
------------------------------------x

**NOTICE OF REMOVAL OF
CIVIL ACTION PURSUANT
TO 28 U.S.C. §1441**

**'07 CIV 10365**

**JUDGE CHIN**

TO:  CLERK OF THE ABOVE-ENTITLED COURT:

    NOTICE IS HEREBY GIVEN, that Carol Sherman, the Defendant
in the civil action in the SUPREME COURT OF THE STATE OF NEW
YORK, COUNTY OF BRONX, hereby files this Notice of Removal to
the United States District Court for the Southern District of
New York pursuant to 28 U.S.C. Sections 1441 and 1446.  A true
copy of the State Court Notice of Removal of Civil Action
(without its attachments) is attached hereto as Exhibit "A" and
is incorporated herein by reference.  True and correct copies of
Plaintiff's Summons and Complaint are attached hereto as Exhibit
"B". A true and correct copy of Defendants' Answer in this
action is annexed hereto as Exhibit "C".

    This is a civil action seeking monetary damages in excess
of $75,000 of which this Court has original jurisdiction under
28 U.S.C. section 1332.

    The United States District Court of the Southern District

of New York has original jurisdiction of this matter based on diversity of citizenship of the parties.  The basis of this jurisdiction is provided in Section 1332(a) of Title 28 of the United States Code.  This section states, in pertinent part, that the district courts should have original jurisdiction of all civil actions with a matter in controversy exceeds the sum of or value of $75,000 exclusive of interest and cost, and is between citizens of different States.

As seen from the pleadings in this matter, plaintiff is a citizen of the State of New York and defendant is a citizen of the State of Connecticut.  The Summons and Complaint further alleges that the matter in controversy is well in excess of $75,000.

Concurrently with the filing of this Notice of Removal, defendant is giving notice to all known parties of this removal and the fact that this case is to be docketed in this Court and that this Court will grant relief to defendant as is proper under the circumstances.

Pursuant to 28 U.S.C. Section 1446(a) all process, pleadings and orders that have been served upon defendant to date in this matter are annexed to this Notice of Removal as Exhibit "B".

Pursuant to 28 U.S.C. 1446(d) a true and complete copy of this Notice of Removal will be submitted for filing with the

SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF BRONX.


DATED:     November 14, 2007
           White Plains, New York


                         Yours, etc.,
                         Eustace & Marquez
                         Attorneys for Defendant
                         **Carol Sherman**
                         Office and Post Office Address
                         1311 Mamaroneck Avenue
                         3rd Floor
                         White Plains, New York  10605
                         (914) 989-6650

                         By:  _____
                              John R. Marquez - 3623

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
BERIAM ORTIZ,

                  Plaintiff

                                    **AFFIDAVIT OF SERVICE**

      v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

                  Defendants
------------------------------------x

STATE OF NEW YORK         )
                      ss.
COUNTY OF WESTCHESTER    )


Janet Salaycik-Formisano, being duly sworn, deposes and says:

1. That I am over the age of eighteen years and not a party to this action.

2. That on November/6, 2007, I served upon:

Jay S. Hausman & Associates, PC.
Attorneys for Plaintiff,
Beriam Ortiz
280 North Central Avenue
Hartsdale, New York  10530

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, Pennsylvania  18612

London Fischer, LLP
Attorneys for Co-Defendant,
Toyota Motor Credit Corp.
59 Maiden Lane
New York, New York 10038


a true copy of the annexed **NOTICE OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §1441** by depositing it endorsed in a

postpaid properly addressed wrapper, in a post office or,
official depository under the exclusive care and custody of the
United States Postal Service within the State of New York, at
the address designated by him or her upon the last paper served
by him or her in the action.


DATED:     November *16*, 2007
           White Plains, New York

                                    _____
                                    Janet Salaycik-Formisano


Sworn and subscribed
before me on November *16*, 2007


_____
Notary Public

JASMIN L COYLE
NOTARY PUBLIC, State of New York
No. 01CO6144616
Qualified in Westchester County
Commission Expires April 24, *2010*

Index No.:  301887/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BERIAM ORTIZ,

               Plaintiff

          -against-

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT, CORP. AND
CAROL SHERMAN,

           Defendants
_____

_____

**NOTICE OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C.§1441**

_____

**EUSTACE & MARQUEZ**
Attorneys for Defendant
**Carol Sherman**
Office and Post Office Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650

# EXHIBIT  A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x    Index No.:  301887/07
BERIAM ORTIZ,

                  Plaintiff    **NOTICE OF FILING OF
NOTICE OF REMOVAL**

       v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

                Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TO: **THE CLERK OF THE SUPREME COURT FOR THE STATE OF NEW YORK
AND TO ALL PARTIES TO THE ACTION HEREIN:**

    PLEASE TAKE NOTICE THAT Defendant Carol Sherman, have filed

a Notice of Removal of this action in the United States District

Court for the Southern District of New York, on November 14,

2007, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

A Copy of the said Notice of Removal is annexed hereto as

Exhibit "A".  This notice is filed pursuant to 28 U.S.C.

§1446(d).

DATED:     November 14, 2007
            White Plains, New York

                      Yours, etc.,
                      Eustace & Marquez
                      Attorneys for Defendant
                      **Carol Sherman**
                      1311 Mamaroneck Avenue
                      3rd Floor
                      White Plains, New York  10605
                      (914) 989-6650
                      By: _____
                            John R. Marquez

# EXHIBIT  B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X

BERIAM ORTIZ,

                        Plaintiff,

            -against-


ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. and CAROL SHERMAN,


                        Defendants.
-----------------------------------------------------------X

To the above named Defendant(s): ..

Plaintiff Designates
Bronx County as the place
of Trial

Index No.: 301887/2007

**SUMMONS**

**DATE FILED** 10/16/2007

Plaintiff resides at
323 E, Gun Hill Road
Bronx, New York 10467

    **You are hereby summoned** to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance,
on the Plaintiff's Attorney(s) within 20 days after the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will be taken against you by default for
the relief demanded in the complaint.

Dated: Hartsdale, New York
            October 9, 2007

**Defendants' Addresses:**

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, PA 18612

Toyota Motor Credit Corp.
Box 105386
Atlanta, GA 30348

Carol Sherman
169 Ocean Avenue
Stamford, CT 06902

*JAY S. HAUSMAN & ASSOCIATES, P.C.*

By: _____
    JAY S HAUSMAN
    *Attorneys for Plaintiffs*
    Office and Post Office
    280 North Central Avenue- Suite 40
    Hartsdale, New York 10530
    New York, New York 10013
    **(914) 946-3344**

H:\Ortiz, Beriam\S&C.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
BERIAM ORTIZ,

                       Plaintiff,

              -against-

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. and CAROL SHERMAN,

                       Defendants.
-------------------------------------------------------------X

**COMPLAINT**

Index #: 30 /88 7 /207

**DATE FILED** 10/16/207

       Plaintiff, by her attorneys, *JAY S. HAUSMAN & ASSOCIATES, P.C.*, complaining of the
defendants, alleges the following upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1.     That at all times hereinafter mentioned, the plaintiff resides in the County of Bronx.

2.     That this cause of action alleged herein arose in the County of Bronx, State of New York.

3.     That this action falls within one or more exemptions set forth in CPLR §1602.

4.     That at all times hereinafter mentioned the defendant, ERIN KATHLEEN BARLOW, was
a resident of the State of Pennsylvania.

5.     That at all times hereinafter mentioned, and upon information and belief, the defendant,
ERIN KATHLEEN BARLOW, owned the motor vehicle bearing registration number EVK2109,
State of Pennsylvania.

H:\Ortiz, Beriam\S&C.wpd

6.      That at all times hereinafter mentioned, and upon information and belief, the defendant,

ERIN KATHLEEN BARLOW, operated the motor vehicle bearing registration number EVK2109,

State of Pennsylvania.

7.      That at all times hereinafter mentioned, and upon information and belief, the defendant,

ERIN KATHLEEN BARLOW, drove the motor vehicle bearing registration number EVK2109,

State of Pennsylvania.

8.      That at all times hereinafter mentioned, and upon information and belief, the defendant,

ERIN KATHLEEN BARLOW, maintained the motor vehicle bearing registration number

EVK2109, State of Pennsylvania.

9.      That at all times hereinafter mentioned, and upon information and belief, the defendant,

ERIN KATHLEEN BARLOW, operated, drove, and maintained the motor vehicle bearing

registration number EVK2109, State of Pennsylvania, with the knowledge, permission and consent

of its owner.

10.     That at all times hereinafter mentioned and upon information and belief, the defendant

TOYOTA MOTOR CREDIT, CORP. was and still is a domestic corporation organized and existing

under and by virtue of the Laws of the State of New York.

11.     That at all times hereinafter mentioned, and upon information and belief, the defendant

TOYOTA MOTOR CREDIT, CORP. was and still is a foreign corporation authorized to do business

under and by virtue of the Laws of the State of New York.

12.     That at all times hereinafter mentioned, and upon information and belief, the defendant

TOYOTA MOTOR CREDIT, CORP. maintained a principal place of business in the State of New

H:\Ortiz, Beriam\S&C.wpd

York.

13.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. maintained a principal place of business in the State of Georgia.

14.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, was a resident of the State of Connecticut.

15.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. owned the motor vehicle bearing registration number 407USL, State of Connecticut.

16.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. by its agents, servants, and/or employees, maintained the motor vehicle bearing registration number 407USL, State of Connecticut.

17.    That at all times hereinafter mentioned, and upon information and belief, the defendant, TOYOTA MOTOR CREDIT, CORP. by its agents, servants, and/or employees, operated the motor vehicle bearing registration number 407USL, State of Connecticut.

18.    That at all times hereinafter mentioned, and upon information and belief, the defendant, TOYOTA MOTOR CREDIT, CORP. by its agents, servants, and/or employees, drove the motor vehicle bearing registration number 407USL, State of Connecticut.

19.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, owned the motor vehicle bearing registration number 407USL, State of Connecticut.

H:\Ortiz, Beriam\S&C.wpd

20.     That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, operated the motor vehicle bearing registration number 407USL, State of Connecticut.

21.     That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, drove the motor vehicle bearing registration number 407USL, State of Connecticut.

22.     That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, maintained the motor vehicle bearing registration number 407USL, State of Connecticut.

23.     That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, operated, drove, and maintained the motor vehicle bearing registration number 407USL, State of Connecticut, with the knowledge, permission and consent of its owner.

24.     That at all times hereinafter mentioned, the plaintiff, BERIAM ORTIZ, operated a motor vehicle bearing registration number DFX8977, State of New York.

25.     That at all times hereinafter mentioned, Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York was and still is a public roadway/highway.

26.     That on or about April 20, 2007, plaintiff, BERIAM ORTIZ was operating her vehicle on Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York.

27.     That on or about April 20, 2007, defendant, ERIN KATHLEEN BARLOW was operating

H:\Ortiz, Beriam\S&C.wpd

her vehicle on Bruckner Boulevard at or about its intersection with East Tremont Avenue, County

of Bronx, State of New York.

28.    That on or about April 20, 2007, defendant, CAROL SHERMAN, was operating the vehicle

owned by defendant, TOYOTA MOTOR CREDIT CORP., on Bruckner Boulevard at or about its

intersection with East Tremont Avenue, County of Bronx, State of New York.

29.    That on April 20, 2007, the motor vehicle owned and operated by defendant, ERIN

KATHLEEN BARLOW, came into violent contact with the motor vehicle operated by plaintiff,

BERIAM ORTIZ.

30.    That on April 20, 2007, the motor vehicle owned by defendant, TOYOTA MOTOR CREDIT

CORP. operated by the defendant, CAROL SHERMAN, came into violent contact with the motor

vehicle operated by plaintiff, BERIAM ORTIZ.

31.    That the aforesaid collision and injuries resulting therefrom, were due solely and wholly as

a result of the careless and negligent manner in which the defendants operated and controlled their

motor vehicles without this plaintiff in any way contributing thereto.

32.    That by reason of the foregoing and the negligence of the said defendants, this plaintiff

sustained serious, severe, and permanent injuries to her head, limbs and body, still suffers and will

continue to suffer for some time, great physical and mental pain and serious bodily injury; became

sick, sore, lame and disabled and so remained for a considerable length of time.

33.    That by reason of the wrongful, negligent and unlawful actions of the defendants, as

aforesaid, the plaintiff, BERIAM ORTIZ, sustained serious injuries as defined in the Insurance Law

of the State of New York, and has sustained economic loss greater than basic economic loss as

H:\Ortiz, Beriam\S&C.wpd

defined in said Insurance Law.

34.     That by reason of the foregoing and the negligence of the said defendants, this plaintiff,

BERIAM ORTIZ, is informed and verily believes her aforesaid injuries are permanent and she will

permanently suffer from the effects of her aforesaid injuries and she will be caused to suffer

permanent embarrassment and continuous pain and inconvenience.

35.     That by reason of the foregoing, this plaintiff, BERIAM ORTIZ, was compelled and did

necessarily require medical aid and attention and did necessarily pay and become liable therefore,

for medicines and upon information and belief, the plaintiff, BERIAM ORTIZ, will necessarily incur

similar expenses in the future.

36.     That by reason of the foregoing, the plaintiff, BERIAM ORTIZ, has been unable to attend

to her usual occupation and avocation in the manner required.

37.     That by reason of the wrongful, negligent and unlawful actions of the defendants, as

aforesaid, the plaintiff, BERIAM ORTIZ, was severely injured, bruised and wounded, suffered, still

suffers, and will continue to suffer for some time great physical pain and great bodily injuries and

became sick, sore, lame and disabled and so remained for a considerable length of time.

38.     That as a result of the defendants' negligence as aforesaid, this plaintiff, BERIAM ORTIZ,

has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which

would otherwise have jurisdiction in this matter.

**WHEREFORE**, plaintiff, BERIAM ORTIZ, demands judgment against the defendants in

an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have

jurisdiction in this matter, on the First Cause of Action;  together with the costs and disbursements

H:\Ortiz, Beriam\S&C.wpd

of this action.

Dated:          Hartsdale, New York
                October 9, 2007

                                        Yours, etc.,

                                        *JAY S. HAUSMAN & ASSOCIATES, P.C.*

                                        By: _____
                                            JAY S. HAUSMAN
                                            *Attorney for Plaintiff(s)*
                                            280 North Central Ave- Suite 40
                                            Hartsdale, New York 10530
                                            (914) 946-3344

H:\Ortiz, Beriam\S&C.wpd

STATE OF NEW YORK, COUNTY OF WESTCHESTER           ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not states upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated:        Hartsdale, New York
              October 9, 2007

JAY S. HAUSMAN

H:\Ortiz, Beriam\S&C.wpd

# EXHIBIT  C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x    Index No.:  301887/07
BERIAM ORTIZ,

                    Plaintiff           **ANSWER TO COMPLAINT**

                    v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. AND CAROL SHERMAN,

                    Defendants
------------------------------------x

     Defendant, Carol Sherman, by her attorneys, EUSTACE &

MARQUEZ, answers the Complaint of the Plaintiff by stating

as follows:

     1.    Denies, upon information and belief, the allegations

of paragraphs 16, 17, 18, 30, 31, 32, 33, 34, 35, 36, 37 and 38.

     2.    Denies having knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraphs

1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 24, 26, 27 and 29.

     3.    Denies having knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraphs

3, 15, 19, 22, 25 and 28 and respectfully refers all questions

of law to this Honorable Court.

       **AS AND FOR A FIRST AFFIRMATIVE DEFENSE THIS
          ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

     4.    The injuries alleged to have been suffered by the

Plaintiffs were caused, in whole or part, by the conduct of

Plaintiffs. Plaintiffs' claims therefore are barred or
diminished in the proportion that such culpable conduct of
Plaintiffs bears to the total culpable conduct causing the
damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

5.    The injuries and damages alleged in the Complaint were
caused or contributed to by the culpable conduct including
contributory negligence, assumption of the risk and/or product
misuse of persons over whom this Defendant had no authority or
control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

6.    The Plaintiffs failed to mitigate the damages as
alleged in the Complaint by failure to wear or use seatbelts,
shoulder harnesses, or other restraints or protective devices,
at the time and place of the alleged incident, and any award
made to or accepted by the Plaintiffs must be reduced in such
proportion to the extent that the injuries complained of were
caused, aggravated or contributed to by the Plaintiffs' failure
to use such protective devices.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

7.    The Plaintiffs are precluded from maintaining this
action by Insurance Law Article 51 in that Plaintiffs have

failed to sustain a serious injury or economic loss greater than the basic economic loss as defined by that law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

8.   That recovery, if any, by the Plaintiffs shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

9.   The injuries and damages alleged in the Complaint of the Plaintiffs were caused or contributed to by Plaintiff's culpable conduct in assuming the risk under the conditions and circumstances existing.

### AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AGAINST: ERIN KATHLEEN BARLOW

10.   If any plaintiff recovers against this Defendant, then this Defendant will be entitled to an apportionment of responsibility for damages between and amongst the parties of this action and will be entitled to recover from each other party for its proportional share commensurate with any judgment which may be awarded to the plaintiff.

### AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNITY AGAINST: ERIN KATHLEEN BARLOW

11.   If any plaintiff recovers against this Defendant, then this Defendant will be entitled to be indemnified and to recover the full amount of any judgment from the ERIN KATHLEEN BARLOW.

WHEREFORE, this Defendant demands judgment dismissing the Complaint, together with costs and disbursements, and in the event any judgment or settlement is recovered herein against this Defendant, then this Defendant further demands that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and this Defendant further demands judgment against each other party on the respective crossclaims and/or counterclaims.

DATED: November 12, 2007
       White Plains, New York

                            Yours, etc.,

                            **EUSTACE & MARQUEZ**
                            Attorneys for Defendant
                            **CAROL SHERMAN**
                            Office and Post Office
                            Address
                            1311 Mamaroneck Avenue
                            3rd Floor
                            White Plains, New York  10605
                            (914) 989-6650

                            By:

                            Edward M. Eustace

To:

Jay S. Hausman & Associates, PC.
Attorneys for Plaintiff, Beriam Ortiz
280 North Central Avenue
Hartsdale, New York  10530

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, Pennsylvania  18612

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------x
BERIAM ORTIZ,

                Plaintiff

               v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

                Defendants
-------------------------------------x

Index No.:  301887/07

**NOTICE PURSUANT TO
CPLR 2103**

    **PLEASE TAKE NOTICE** that Defendant **Carol Sherman**, by her attorneys, EUSTACE & MARQUEZ, hereby serve(s) Notice upon you pursuant to Rule 2103 of the Civil Practice Law and Rules that it **expressly rejects** service of papers in this matter upon them by electronic means.

    **PLEASE TAKE FURTHER NOTICE** that waiver of the foregoing may only be affected by express prior written consent to such service by **EUSTACE & MARQUEZ** and by placement thereby of **EUSTACE & MARQUEZ** electronic communication number in the address block of papers filed

with the Court.

DATED: November 12, 2007
       White Plains, New York


                         Yours, etc.,

                         **EUSTACE & MARQUEZ**
                         Attorneys for Defendant
                         **CAROL SHERMAN**
                         Office and Post Office
                         Address
                         1311 Mamaroneck Avenue
                         3rd Floor
                         White Plains, New York  10605
                         (914) 989-6650

                         By:

                         Edward M. Eustace

To:

Jay S. Hausman & Associates, PC.
Attorneys for Plaintiff, Beriam Ortiz
280 North Central Avenue
Hartsdale, New York  10530

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, Pennsylvania  18612

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x
BERIAM ORTIZ,

                  Plaintiff

                v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

                Defendants
------------------------------------x

Index No.:  301887/07

**COMBINED DISCOVERY
DEMANDS AND NOTICE OF
DEPOSITION**

    **PLEASE TAKE NOTICE**, that Defendant **Carol Sherman**, by her attorneys, **EUSTACE & MARQUEZ**, demands that each adverse party afford us the disclosure which this notice and demand specifies:

    **DEPOSITIONS OF ADVERSE PARTIES UPON ORAL EXAMINATION**

    A.  Each adverse party is to appear for deposition upon oral examination pursuant to CPLR 3107:

    (1) At this date and time: December 12, 2007 at 10:00 am

    (2) At this place:  Eustace & Marquez

                       1311 Mamaroneck Avenue

                       3rd Floor

                       White Plains, NY 10605

    Pursuant to CPLR 3106(d) we designate the following as the identity, description or title of the particular officer, director, member, or employee of the adverse party specified whose deposition we desire to take: ALL PARTIES

C.   Each deposition witness thus examined is to produce at such time and place, pursuant to CPLR 3111, all books, papers, and other things which are relevant to the issues in the action and within that adverse party's possession, custody, or control to be marked as exhibits, and used on the examination.

### PARTY STATEMENTS

Each adverse party is to serve on us, pursuant to CPLR 3101(e) and CPLR 3120, within thirty (30) days from the service of this Demand, a complete and legible copy of any statement made by or taken from any individual party or any officer, agent, or employee of said party.

### INSURANCE POLICIES

Each adverse party is to serve, pursuant to CPLR 3101(f) and CPLR 3120, within thirty (30) days from the service of this Demand, a complete and legible copy of each primary or excess insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

### ACCIDENT REPORTS

Each adverse party is to serve, pursuant to CPLR 3101(g) and CPLR 3120, within thirty (30) days from service

of this Demand, a complete and legible copy of every written report of the accident or other event alleged in the complaint prepared in the regular course of that adverse party's business operations or practices.

## PHOTOGRAPHS AND VIDEOTAPES

Each adverse party is to serve within thirty (30) days from the service of this Demand, complete and legible photographic or videotape reproductions of any and all photographs, motion pictures, maps, drawings, diagrams, measurements, surveys of the scene of the accident or equipment or instrumentality involved in the action or photographs of persons or vehicles involved (if applicable) made either before, after or at the time of the events in question, including any photographs or videotapes made of the plaintiff at any time since the incident referred to in the Complaint.

## WITNESSES

Each adverse party is to serve within thirty (30) days from the service of this Demand, the name and address of each witness to any of the following:

1.  The accident, occurrence or any other event set forth in the complaint.

2.  Any fact tending to prove actual or constructive notice of any condition which may give rise to the

liability of any person, whether or not a party, for any damages alleged in this action.

3.   Any admission, statement, writing or act of our client.

## EXPERT WITNESS MATERIAL

Each adverse party is to serve, pursuant to CPLR 3101(d)(1), within thirty (30) days from the service of this request, a statement specifying all of the following data as to each person whom that adverse party expects to call as an expert witness at trial:

A.  The identity of each expert;

B.  The subject matter on which each expert is expected to testify, disclosed in reasonable detail;

C.  The substance of the facts and opinions on which each expert is expected to testify;

D.  The qualifications of each expert; and

E.  A summary of the grounds for each expert's opinion.

**PLEASE TAKE FURTHER NOTICE** that we will object at trial to the offer of any proof of an expert's qualifications which are different from or additional to those which the adverse party calling the expert had disclosed in reference to sub-paragraph D.

## COLLATERAL SOURCE INFORMATION

Each plaintiff seeking to recover for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss is to serve, pursuant to CPLR 4545(c), within thirty (30) days from the service of this Demand, a statement of all past and future cost and expense which has been or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source such as insurance (except life insurance), social security, workers' compensation, or employee benefit programs. Each such statement is to set forth the name, address, and insurance policy (or other account) number of each collateral source payor; and, separately stated for each payor, a list specifying the date and amount of each payment and the name, address, and social security number or other taxpayer identification number of each payee.

### PRODUCTION OF MEDICAL REPORTS AND AUTHORIZATIONS

Each plaintiff is to serve upon and deliver to us within thirty (30) days from the service of this Demand:

Medical Reports and Bills: Copies of the medical reports and bills of those health professionals who have previously treated or examined the plaintiff. Those reports shall include a detailed recital of the injuries and

conditions as to which testimony will be offered at the
trial, referring to and identifying those diagnostic tests
and technicians' reports which will be offered at the
trial.

Medical Authorizations:  Duly executed and
acknowledged written medical authorizations, complying with
the Health Insurance Portability and Accountability Act
("HIPAA"), 45 C.F.R. §164.508(a), (using attached form)
permitting all parties to obtain and make copies of the
records and notes including any intake sheets, diagnostic
tests, X-Rays, MRI's and cat scan films, of all treating
and examining hospitals, physicians and other medical
professionals.

## PRODUCTION OF RECORDS AND AUTHORIZATIONS

Each plaintiff is to serve upon and deliver to us
within thirty (30) days from the service of this demand
duly executed, fully addressed and acknowledged written
authorizations permitting all parties to obtain and make
copies of each of the following:

A.  All workers' compensation records and reports of
hearings pertaining to the incident alleged to have
occurred in plaintiff's complaint maintained by the
workers' compensation Board and workers' compensation
carrier.

B.  All records of present and past employment of plaintiff.

C.  All records in the no-fault file of any carrier issuing benefits to the plaintiff arising out of the incident alleged to have occurred in the complaint.

D.  All records of the Internal Revenue Service filed by the plaintiff for the calendar year prior to the date of the incident alleged in the complaint and for the two subsequent years. Please use IRS form 4506 and attach 2 copies of identification of the plaintiff, with photo and signature as required by the IRS.

E.  All records of schools attended by plaintiff.

F.  All records of each collateral source that has provided and/or in the future will be providing any payment or reimbursement for expenses incurred because of this incident.

## NAMES AND ADDRESSES OF ATTORNEYS

Each adverse party is to serve on us, within thirty (30) days from service of this Demand, the names and addresses of all attorneys having appeared in this action on behalf of any adverse party.

**PLEASE TAKE FURTHER NOTICE THAT THESE ARE CONTINUING DEMANDS,** and that each demand requires that an adverse party who acquires more than thirty (30) days from the

service of this demand any document, information, or thing (including the opinion of any person whom the adverse party expects to call as an expert witness at trial) which is responsive to any of the above demands, is to give us prompt written advice to that effect; and, within thirty (30) days (but no less than sixty (60) days before trial), is to serve all such information on us and allow us to inspect, copy, test, and photograph each such document or thing.

**PLEASE TAKE FURTHER NOTICE** that we will object at trial, and move to preclude as to any adverse party who does not timely identify any witness, serve any report, or produce any document, information, or thing which is responsive to a discovery demand set forth in any of the ensuing paragraphs:

A.  From calling any event or notice witness not identified to us or medical expert whose reports have not been served on us;

B.  From calling any other expert witness whose identity, qualifications, and expected fact and opinion testimony (together with a summary of the grounds for each such opinion) have not been served on us;

C.  From putting in evidence any exhibit not served on us or produced for us to discover, inspect, copy, and

photograph in accordance with any of the ensuing

paragraphs; and

     D.  From offering any other proof not timely disclosed

pursuant to a court order in this action.

DATED: November 12, 2007
      White Plains, New York

                 Yours, etc.,

                 **EUSTACE & MARQUEZ**
                 Attorneys for Defendant
                 **CAROL SHERMAN**
                 Office and Post Office
                 Address
                 1311 Mamaroneck Avenue
                 3rd Floor
                 White Plains, New York  10605
                 (914) 989-6650

                 By:

                 Edward M. Eustace

To:

Jay S. Hausman & Associates, PC.
Attorneys for Plaintiff, Beriam Ortiz
280 North Central Avenue
Hartsdale, New York  10530

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, Pennsylvania  18612

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x       Index No.:  301887/07
BERIAM ORTIZ,

                                            **DEMAND FOR VERIFIED**
                    Plaintiff               **BILL OF PARTICULARS**

             v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

                    Defendants
------------------------------------x

        **PLEASE TAKE NOTICE,** Defendant, CAROL SHERMAN, by her

attorneys, Eustace & Marquez, demands pursuant to CPLR

3041-3044, that each Plaintiff furnish, within thirty (30)

days of the date of this demand a **Verified** Bill of the

following particulars:

        A.    <u>**Liability Issues:**</u>

        1.    The legal name, address, date of birth and social

security number of each plaintiff,

        2.    The date and approximate time of day of the

alleged accident.

        3.    The location of the alleged accident.

        4.          (a)  A statement of the acts or omissions

                    constituting any negligence or other

                    culpable conduct claimed against this

                    defendant.

    (b)   If breach of warranty is alleged, state whether said warranty was:

       i.   expressed or implied;

       ii.  oral or written;

       iii. if written, set forth a copy thereof; and

       iv.  if oral, state by whom and to whom the alleged warranty was made, specifying the time, place and persons in sufficient detail to permit identification.

5.   If actual notice is claimed, a statement of when, by whom and to whom actual notice was given and whether such notice was in writing; also, if such notice was in writing, the statement is to include the name and address of anyone who has any copy of it.

6.   If constructive notice is claimed, a statement of how long any allegedly dangerous or defective condition existed before the occurrence and who has first-hand knowledge of any such facts.

7.   If any violation is claimed, a citation to each statute, ordinance, regulation, and other federal, state, or local rule which it is claimed that any defendant we represent has violated.

8.    If any prior similar occurrence is claimed, a statement of its date, approximate time of day and approximate location.

9.    If any subsequent repair or other remedial action is claimed, a statement of its date, approximate time of day, approximate location, who made such repair or took such other action and who has first-hand knowledge of either.

**B.    <u>Damage Issues: Personal Injury:</u>**

10.    A statement of the injuries claimed to have been sustained by plaintiff as a result of the accident and a description of any injuries claimed to be permanent.

11.    In any action under Ins. Law, §5104(a), for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, in what respect and to what extent any plaintiff has sustained:

      (a)    serious injury, as defined by Insurance Law, 5102(b);

      (b)    economic loss greater than basic economic loss, as defined by Insurance Law, 5102 (a).

12.    If plaintiff was treated at a hospital or hospitals, the name and address of each hospital and the exact dates of admission or treatment at each.

13.  The name and address of all medical professionals that treated or examined plaintiffs with regard to the injuries claimed, and the exact dates of treatment received from each.

14.  If loss of earnings is claimed, the name and address of plaintiff's employer, the nature of plaintiff's employment, and the exact dates that the plaintiff was incapacitated from employment.

15.  A statement of the exact dates that each plaintiff was:

    (a)  hospitalized;

    (b)  confined to bed;

    (c)  confined to house;

16.  Total amounts each plaintiff claims as special damages for:

    (a)  physicians' services;

    (b)  medical supplies

    (c)  loss of earnings to date, with the name(s) and address(es) of plaintiff's employer(s);

    (d)  loss of earnings in the future, stating how the figure was calculated;

    (e)  hospital expenses;

    (f)  nurses' services;

    (g)  any other special damages claimed.

17. If any plaintiff claims loss of services, a statement of all such losses claimed, including the nature and extent of the lost services and all special damages claimed.

18. The name, address and amounts received from each collateral source that has paid or reimbursed plaintiff for any of the expenses incurred as a result of this accident.

DATED: November 12, 2007
      White Plains, New York

          Yours, Etc.,
          **EUSTACE & MARQUEZ**
          Attorneys for Defendant
          **CAROL SHERMAN**
          Office and Post Office
          Address
          1311 Mamaroneck Avenue
          3rd Floor
          White Plains, New York  10605
          (914) 989-6650

By: _____
          Edward M. Eustace

To:

Jay S. Hausman & Associates, PC.
Attorneys for Plaintiff, Beriam Ortiz
280 North Central Avenue
Hartsdale, New York  10530

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, Pennsylvania  18612

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------x    Index No.:  301887/07
BERIAM ORTIZ,

                    Plaintiff

                         v.                              **AFFIDAVIT OF SERVICE**

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

                    Defendants
-------------------------------------x

STATE OF NEW YORK              )
                               ) ss.
COUNTY OF WESTCHESTER          )

Janet Salaycik-Formisano, being duly sworn, deposes and
says:
That I am over the age of eighteen years (18) and not a
party to this action.
That on November 12, 2007, I served upon:

Jay S. Hausman & Associates, PC.
Attorneys for Plaintiff, Beriam Ortiz
280 North Central Avenue
Hartsdale, New York  10530

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, Pennsylvania  18612

A true copy of the annexed **ANSWER TO COMPLAINT, NOTICE
PURSUANT TO CPLR 2103, DEMAND FOR VERIFIED BILL OF
PARTICULARS AND VARIOUS DISCOVERY DEMANDS** by depositing it
endorsed in a postpaid properly addressed wrapper, in a
post office or, official depository under the exclusive
care and custody the United States Postal Service within

the State of New York, at the address designated by him or
her upon the last paper served by him or her in the action.

DATED: November 12, 2007
       White Plains, New York


Janet Salaycik-Formisano


Sworn and subscribed
Before me on November 12, 2007


ARLENE K. KELLY
Notary Public, State of New York
No. 01KE6049180
Qualified in Rockland County
Commission Expires _10/10/10_

Index No.:  301887/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

BERIAM ORTIZ,

       Plaintiff

   against

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT, CORP. AND
CAROL SHERMAN,

      Defendants

---

**ANSWER TO COMPLAINT, NOTICE PURSUANT TO CPLR 2103, DEMAND
FOR VERIFIED BILL OF PARTICULARS AND VARIOUS DISCOVERY
DEMANDS**

---

EUSTACE & MARQUEZ
Attorneys for Defendant
**Carol Sherman**
Office and Post Office Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650