UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BERIAM ORTIZ,

          Plaintiff,

     -against-

ERIN KATHLEEN BARLOW, TOYOTA
MOTOR CREDIT CORP., and CAROL
SHERMAN,

          Defendants.
----------------------------------------------------------X

**NOTICE OF MOTION**

07-CV-10365

PLEASE TAKE NOTICE that upon the annexed affirmation of ELIZABETH M.

PENDZICK, dated the 18th day of April, 2008, the affidavit of plaintiff BERIAM ORTIZ, sworn

to the 18th day of April, 2008, and all the exhibits annexed thereto, the undersigned will move

this Court located at **500 Pearl Street, New York, New York** on the ___st day of _____,

**2008, at 9:30 A.M.** or as soon thereafter as counsel can be heard, for an order, pursuant to FRCP

56:

1.     **GRANTING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF,
AND AGAINST DEFENDANT ERIN KATHLEEN BARLOW, ON THE
ISSUE OF LIABILITY, and**

2.     **FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS
JUST AND PROPER.**

Yours, etc.,

JAY S. HAUSMAN & ASSOCIATES, P.C.

By: _____

ELIZABETH M. PENDZICK
Attorneys for Plaintiff
280 North Central Avenue, Suite 40
Hartsdale, New York 10530
(914)946-3344

TO:

EUSTACE & MARQUEZ
1311 Mamaroneck Avenue, 3rd Floor
White Plains, New York, 10605

ANTHONY D. PERRI, ESQ.
17 State Street, 25th Floor
New York, New York 10004,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
BERIAM ORTIZ,

               Plaintiff,

             -against-

ERIN KATHLEEN BARLOW, TOYOTA
MOTOR CREDIT CORP., and CAROL
SHERMAN,

               Defendants.

--------------------------------------------------------X

**AFFIRMATION IN SUPPORT**

07-CV-10365

      ELIZABETH M. PENDZICK, an attorney duly admitted to practice in the United States

District Court for the Southern District of New York, does hereby affirm, under penalty of

perjury:

      1.     I am a member of JAY S. HAUSMAN & ASSOCIATES, P.C., counsel for the

plaintiff, Beriam Ortiz.

      2.     I make this Affirmation in support of the within motion for partial summary

judgment, determining issues of liability in favor of the plaintiff, and against defendant ERIN

KATHLEEN BARLOW.

      3.     In support of the within application, I submit the following documentation:

Exhibit A:     The Summons and Complaint

Exhibit B:     The Answers of the Defendants

Exhibit C:     The Notice of Removal

Exhibit D:     The Stipulation of Discontinuance Against Defendant Toyota

Exhibit E:     The Affidavit of Plaintiff, Beriam Ortiz

Exhibit F:     The Police Report

4.    For the reasons set forth in the annexed Memorandum of Law, partial summary judgment is appropriate.

WHEREFORE, plaintiff's motion should be granted by this Honorable Court.

Dated: Hartsdale, New York
       April 18, 2008

_____
ELIZABETH M. PENDZICK

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------X

BERIAM ORTIZ,

                              Plaintiff,

                    -against-

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. and CAROL SHERMAN,

                              Defendants.
--------------------------------------------------------------X

Plaintiff Designates
Bronx County as the place
of Trial

Index No.: *301887/07*

**SUMMONS**

**DATE FILED** *10/16/207*

Plaintiff resides at
323 E, Gun Hill Road
Bronx, New York 10467

To the above named Defendant(s):

    **You are hereby summoned** to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance,
on the Plaintiff's Attorney(s) within 20 days after the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will be taken against you by default for
the relief demanded in the complaint.

Dated: Hartsdale, New York
      October 9, 2007

**Defendants' Addresses:**

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, PA 18612

Toyota Motor Credit Corp.
Box 105386
Atlanta, GA 30348

Carol Sherman
169 Ocean Avenue
Stamford, CT 06902

*JAY S. HAUSMAN & ASSOCIATES, P.C.*

By: _____
    JAY S HAUSMAN
    *Attorneys for Plaintiffs*
    Office and Post Office
    280 North Central Avenue- Suite 40
    Hartsdale, New York 10530
    New York, New York 10013
    **(914) 946-3344**

H:\Ortiz, Beriam\S&C.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
BERIAM ORTIZ,

                       Plaintiff,

             -against-

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. and CAROL SHERMAN,

                    Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

Index #:  301887/_ _7_

DATE FILED  10/16/_ _7_

Plaintiff, by her attorneys, *JAY S. HAUSMAN & ASSOCIATES, P.C.*, complaining of the

defendants, alleges the following upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1.   That at all times hereinafter mentioned, the plaintiff resides in the County of Bronx.

2.   That this cause of action alleged herein arose in the County of Bronx, State of New York.

3.   That this action falls within one or more exemptions set forth in CPLR §1602.

4.   That at all times hereinafter mentioned the defendant, ERIN KATHLEEN BARLOW, was

a resident of the State of Pennsylvania.

5.   That at all times hereinafter mentioned, and upon information and belief, the defendant,

ERIN KATHLEEN BARLOW, owned the motor vehicle bearing registration number EVK2109,

State of Pennsylvania.

BRONX COUNTY
COUNTY CLERK
07 OCT 16 PM 2: 21

H:\Ortiz, Beriam\S&C.wpd

6.    That at all times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN BARLOW, operated the motor vehicle bearing registration number EVK2109, State of Pennsylvania.

7.    That at all times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN BARLOW, drove the motor vehicle bearing registration number EVK2109, State of Pennsylvania.

8.    That at all times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN BARLOW, maintained the motor vehicle bearing registration number EVK2109, State of Pennsylvania.

9.    That at all times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN BARLOW, operated, drove, and maintained the motor vehicle bearing registration number EVK2109, State of Pennsylvania, with the knowledge, permission and consent of its owner.

10.    That at all times hereinafter mentioned and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

11.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

12.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. maintained a principal place of business in the State of New

H:\Ortiz, Beriam\S&C.wpd

York.

13.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. maintained a principal place of business in the State of Georgia.

14.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, was a resident of the State of Connecticut.

15.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. owned the motor vehicle bearing registration number 407USL, State of Connecticut.

16.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. by its agents, servants, and/or employees, maintained the motor vehicle bearing registration number 407USL, State of Connecticut.

17.    That at all times hereinafter mentioned, and upon information and belief, the defendant, TOYOTA MOTOR CREDIT, CORP. by its agents, servants, and/or employees, operated the motor vehicle bearing registration number 407USL, State of Connecticut.

18.    That at all times hereinafter mentioned, and upon information and belief, the defendant, TOYOTA MOTOR CREDIT, CORP. by its agents, servants, and/or employees, drove the motor vehicle bearing registration number 407USL, State of Connecticut.

19.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, owned the motor vehicle bearing registration number 407USL, State of Connecticut.

H:\Ortiz, Beriam\S&C.wpd

20.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, operated the motor vehicle bearing registration number 407USL, State of Connecticut.

21.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, drove the motor vehicle bearing registration number 407USL, State of Connecticut.

22.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, maintained the motor vehicle bearing registration number 407USL, State of Connecticut.

23.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, operated, drove, and maintained the motor vehicle bearing registration number 407USL, State of Connecticut, with the knowledge, permission and consent of its owner.

24.    That at all times hereinafter mentioned, the plaintiff, BERIAM ORTIZ, operated a motor vehicle bearing registration number DFX8977, State of New York.

25.    That at all times hereinafter mentioned, Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York was and still is a public roadway/highway.

26.    That on or about April 20, 2007, plaintiff, BERIAM ORTIZ was operating her vehicle on Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York.

27.    That on or about April 20, 2007, defendant, ERIN KATHLEEN BARLOW was operating

her vehicle on Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York.

28.     That on or about April 20, 2007, defendant, CAROL SHERMAN, was operating the vehicle owned by defendant, TOYOTA MOTOR CREDIT CORP., on Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York.

29.     That on April 20, 2007, the motor vehicle owned and operated by defendant, ERIN KATHLEEN BARLOW, came into violent contact with the motor vehicle operated by plaintiff, BERIAM ORTIZ.

30.     That on April 20, 2007, the motor vehicle owned by defendant, TOYOTA MOTOR CREDIT CORP. operated by the defendant, CAROL SHERMAN, came into violent contact with the motor vehicle operated by plaintiff, BERIAM ORTIZ.

31.     That the aforesaid collision and injuries resulting therefrom, were due solely and wholly as a result of the careless and negligent manner in which the defendants operated and controlled their motor vehicles without this plaintiff in any way contributing thereto.

32.     That by reason of the foregoing and the negligence of the said defendants, this plaintiff sustained serious, severe, and permanent injuries to her head, limbs and body, still suffers and will continue to suffer for some time, great physical and mental pain and serious bodily injury; became sick, sore, lame and disabled and so remained for a considerable length of time.

33.     That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, BERIAM ORTIZ, sustained serious injuries as defined in the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as

H:\Ortiz, Beriam\S&C.wpd

defined in said Insurance Law.

34.    That by reason of the foregoing and the negligence of the said defendants, this plaintiff, BERIAM ORTIZ, is informed and verily believes her aforesaid injuries are permanent and she will permanently suffer from the effects of her aforesaid injuries and she will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

35.    That by reason of the foregoing, this plaintiff, BERIAM ORTIZ, was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff, BERIAM ORTIZ, will necessarily incur similar expenses in the future.

36.    That by reason of the foregoing, the plaintiff, BERIAM ORTIZ, has been unable to attend to her usual occupation and avocation in the manner required.

37.    That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, BERIAM ORTIZ, was severely injured, bruised and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

38.    That as a result of the defendants' negligence as aforesaid, this plaintiff, BERIAM ORTIZ, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

WHEREFORE, plaintiff, BERIAM ORTIZ, demands judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, on the First Cause of Action; together with the costs and disbursements

of this action.

Dated:        Hartsdale, New York
              October 9, 2007

                                    Yours, etc.,

                                    *JAY S. HAUSMAN & ASSOCIATES, P.C.*

                                    By:
                                        JAY S. HAUSMAN
                                        *Attorney for Plaintiff(s)*
                                        280 North Central Ave- Suite 40
                                        Hartsdale, New York 10530
                                        (914) 946-3344

H:\Ortiz, Beriam\S&C.wpd

STATE OF NEW YORK, COUNTY OF WESTCHESTER          ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not states upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated:      Hartsdale, New York
            October 9, 2007

JAY S. HAUSMAN

H:\Ortiz, Beriam\S&C.wpd

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* X

BERIAM ORTIZ

VERIFIED ANSWER
WITH CROSS CLAIM

                                    Plaintiff(s)        Docket No.: 07 CV
                                                        10365

          - against -

ERIN KATHALEEN BARLOW, TOYOTA MOTOR CREDIT., and
CAROL SHERMAN
                                    Defendant(s)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* X

Defendant, ERIN KATHLEEN BARLOW , by and through her  attorney, ANTHONY D.

PERRI, ESQ., as and for her  Verified Answer with Cross Claim to the Complaint herein, upon

information and belief, respectfully alleges as follows:

<u>ANSWERING A FIRST
CAUSE OF ACTION:</u>

1.      Denies any knowledge or information thereof sufficient to form a belief as to each

and every allegation contained in Paragraph(s) "1", "2", "7", "8", "10", "11", "12", "13", "14",

"15","16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "28" and "30" of the

Complaint herein.

2.      Deny each and every allegation contained in Paragraph(s) "3" and "33" of the

Complaint herein, and respectfully refers all questions of law to this Honorable Court.

3.      Denies any knowledge or information thereof sufficient to form a belief as to each

and every allegation contained in Paragraph(s) "9" of the Complaint herein except admits that at all

times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN

BARLOW, operated the motor vehicle bearing registration number EVK2109, State of

Pennsylvania, with the knowledge, permission and consent of its owner.

4.    Deny each and every allegation contained in Paragraph(s) "29" of the Complaint herein except admits that on April 20, 2007, the motor vehicle owned and operated by defendant, ERIN KATHLEEN BARLOW, was in contact with the motor vehicle operated by plaintiff, BERIAM ORTIZ.

5.    Denies each and every allegation contained in Paragraph(s) "31", "32", "34", "35", "36", "37" and "38" of the Complaint herein.

AS AND FOR A FIRST,
SEPARATE & DISTINCT
AFFIRMATIVE DEFENSE:

6.    Upon information and belief, the injuries and damages alleged were caused by the contributory negligence and/or culpable conduct of the Plaintiff.

AS AND FOR A SECOND,
SEPARATE & DISTINCT
AFFIRMATIVE DEFENSE:

7.    Upon information and belief, any past or future costs or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, have been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

8.    If any damages are recoverable against this said answering Defendant, the amount of such damages shall be diminished by the amount of the funds which Plaintiff has or shall receive from such collateral source.

## AS AND FOR A THIRD,
## SEPARATE & DISTINCT
## AFFIRMATIVE DEFENSE:

9.    Upon information and belief, if Plaintiff failed to properly utilize an available seat belt and/or shoulder harness, and/or infant restraining device, such failure is pleaded in mitigation of damages.

## AS AND FOR A CROSS-CLAIM
## AGAINST THE CO-DEFENDANT(S)
## TOYOTA MOTOR CREDIT CORP., AND CAROL
## SHERMAN
## IT IS ALLEGED BY THE
## ANSWERING DEFENDANT,
## ERIN KATHLEEN BARLOW:

10.    Upon information and belief, if damages were sustained by Plaintiff as alleged in the complaint, said damages resulted from the culpable conduct of the above named Defendants, TOYOTA MOTOR CREDIT CORP., AND CAROL SHERMAN.

That by reason of the foregoing and/or pursuant to an agreement, the above named Defendant , TOYOTA MOTOR CREDIT CORP., and CAROL SHERMAN  will be liable to the answering Defendant in the amount of any recovery by any party as against the answering Defendant.

WHEREFORE, Defendant, ERIN KATHLEEN BARLOW hereby demands judgment dismissing the Complaint of the Plaintiff herein, and further demands that judgment be granted over and against the above named Defendants, TOYOTA MOTOR CREDIT CORP., AND CAROL SHERMAN, in the amount of any recovery by any party as against the answering Defendant, ERIN KATHLEEN BARLOW, together with the costs and disbursements of this action.

Dated:    New York, New York
          January 2, 2008

Yours, etc.,

ANTHONY D. PERRI, ESQ.

BY: LORETTA J. HOTTINGER, ESQ. (4841 )
Attorney for Defendant
ERIN KATHLEEN BARLOW
Office Address
17 State Street, 25th Floor
New York, New York 10004
(212) 809-4800
File No. : 2007-11191 /LJH

<u>VERIFICATION</u>

LORETTA J. HOTTINGER, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms under the penalties of perjury, pursuant to the CPLR that the following facts are true:

Affirmant is associated with ANTHONY D. PERRI, ESQ., attorney for the Defendant, ERIN KATHLEEN BARLOW, in the within action; that she has read the foregoing VERIFIED ANSWER WITH CROSS CLAIM and knows the contents thereof; that the same is true to her own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters, she believes it to be true.

Affirmant further says that the ground of her belief as to all matters not stated upon her knowledge are based upon correspondence, investigation and file papers and that the reason this Verification is made by your Affirmant and not by the Defendant is that the Defendant is not within the County of New York, the County in which Affirmant has her office.

Dated:    New York, New York
          January 2, 2008

_____
LORETTA J. HOTTINGER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x    Index No.:  301887/07
BERIAM ORTIZ,

              Plaintiff    **ANSWER TO COMPLAINT**

              v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. AND CAROL SHERMAN,

             Defendants
------------------------------------x

    Defendant, Carol Sherman, by her attorneys, EUSTACE &
MARQUEZ, answers the Complaint of the Plaintiff by stating
as follows:

    1.    Denies, upon information and belief, the allegations
of paragraphs 16, 17, 18, 30, 31, 32, 33, 34, 35, 36, 37 and 38.

    2.    Denies having knowledge or information sufficient to
form a belief as to the truth of the allegations of paragraphs
1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 24, 26, 27 and 29.

    3.    Denies having knowledge or information sufficient to
form a belief as to the truth of the allegations of paragraphs
3, 15, 19, 22, 25 and 28 and respectfully refers all questions
of law to this Honorable Court.

          **AS AND FOR A FIRST AFFIRMATIVE DEFENSE THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

    4.    The injuries alleged to have been suffered by the
Plaintiffs were caused, in whole or part, by the conduct of

Plaintiffs. Plaintiffs' claims therefore are barred or diminished in the proportion that such culpable conduct of Plaintiffs bears to the total culpable conduct causing the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

5.    The injuries and damages alleged in the Complaint were caused or contributed to by the culpable conduct including contributory negligence, assumption of the risk and/or product misuse of persons over whom this Defendant had no authority or control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

6.    The Plaintiffs failed to mitigate the damages as alleged in the Complaint by failure to wear or use seatbelts, shoulder harnesses, or other restraints or protective devices, at the time and place of the alleged incident, and any award made to or accepted by the Plaintiffs must be reduced in such proportion to the extent that the injuries complained of were caused, aggravated or contributed to by the Plaintiffs' failure to use such protective devices.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

7.    The Plaintiffs are precluded from maintaining this action by Insurance Law Article 51 in that Plaintiffs have

failed to sustain a serious injury or economic loss greater than the basic economic loss as defined by that law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

8.    That recovery, if any, by the Plaintiffs shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

9.    The injuries and damages alleged in the Complaint of the Plaintiffs were caused or contributed to by Plaintiff's culpable conduct in assuming the risk under the conditions and circumstances existing.

### AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AGAINST: ERIN KATHLEEN BARLOW

10.    If any plaintiff recovers against this Defendant, then this Defendant will be entitled to an apportionment of responsibility for damages between and amongst the parties of this action and will be entitled to recover from each other party for its proportional share commensurate with any judgment which may be awarded to the plaintiff.

### AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNITY AGAINST: ERIN KATHLEEN BARLOW

11.    If any plaintiff recovers against this Defendant, then this Defendant will be entitled to be indemnified and to recover the full amount of any judgment from the ERIN KATHLEEN BARLOW.

WHEREFORE, this Defendant demands judgment dismissing the Complaint, together with costs and disbursements, and in the event any judgment or settlement is recovered herein against this Defendant, then this Defendant further demands that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and this Defendant further demands judgment against each other party on the respective crossclaims and/or counterclaims.

DATED: November 12, 2007
       White Plains, New York

Yours, etc.,

**EUSTACE & MARQUEZ**
Attorneys for Defendant
**CAROL SHERMAN**
Office and Post Office
Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York   10605
(914) 989-6650

By:

Edward M. Eustace

To:

Jay S. Hausman & Associates, PC.
Attorneys for Plaintiff, Beriam Ortiz
280 North Central Avenue
Hartsdale, New York  10530

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, Pennsylvania   18612

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X

BERIAM ORTIZ,                                          Index No.: 301887/07

                              Plaintiff,

          -against-
                                                       VERIFIED ANSWER

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. and CAROL SHERMAN,

                              Defendants
-----------------------------------------------------------------X

        Defendant, TOYOTA MOTOR CREDIT, CORP., ("TMCC"), by its attorneys,

LONDON FISCHER LLP, as and for its Verified Answer to the Verified Complaint, allege, upon

information and belief, as follows:

## AS AND FOR AN ANSWER
## TO THE FIRST CAUSE OF ACTION

      1.    Denies knowledge or information sufficient to form a belief as to each and

every allegation contained in paragraphs "1", "2", "4", "5", "6", "7", "8", "9", "14", "19", "20",

"21", "22", "23", "24", "25", "26", "27", "28", and "29" of the Verified Complaint.

      2.    Denies knowledge or information sufficient to form a belief as to each and

every allegation contained in paragraph "3" of the Verified Complaint, and respectfully refers all

questions of law to the Court.

      3    Denies each and every allegation contained in paragraphs "10", "13",

"16", "17", "18", "31", "32", "34", "35", "36" and "37" of the Verified Complaint.

      4.    Admits each and every allegation contained in paragraph "11" of the

Verified Complaint.

      5    Denies each and every allegation contained in paragraph "12", of the

Verified Complaint, except admits that defendant, TMCC maintained an office in Orange

County, New York.

6. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "15" of the Verified Complaint, on the ground that the pleadings lack sufficient identifying information to permit this defendant to plead otherwise.

7. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "30" of the Verified Complaint, except denies "violent" contact with the motor vehicle.

8. Denies each and every allegation contained in paragraphs "33" and "38" of the Verified Complaint, and respectfully refers all questions of law to the Court.

## AS AND FOR A FIRST SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

9. The accident complained of was caused in whole or in part by the culpable conduct attributable to the plaintiff, including comparative fault and/or assumption of risk.

10. Plaintiff should be barred from recovery by reason of the fact that the subject accident was entirely the result of the culpable conduct and/or assumption of risk on the part of the plaintiff, or, in the event that plaintiff is entitled to recover, the amount of damages otherwise should be diminished in the proportion to which the culpable conduct and/or assumption of risk attributable to plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A SECOND SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

11. Upon information and belief, any damages sustained by plaintiff, as alleged in the Verified Complaint, were caused by parties other than this defendant.

2

## AS AND FOR A THIRD SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

12.    Any amount that may be awarded to plaintiff as against TMCC, must be reduced by the amount received from or indemnified by any collateral source pursuant to CPLR §4545(c).

## AS AND FOR A FOURTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

13.    In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, TMCC will be entitled to protection under General Obligation Law §15-108 and the corresponding reduction of any damages which may be determined to be due against TMCC.

## AS AND FOR A FIFTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

14.    This action is barred on the grounds that plaintiff did not sustain a "serious injury" as defined by §5102(d) of the Insurance Law of the State of New York.

## AS AND FOR A SIXTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

15.    As against TMCC, this action is barred by federal preemption pursuant to 49 U.S.C. § 30106.

## AS AND FOR A SEVENTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

16.    As against TMCC, this action is barred by plaintiff's failure to state a cause of action.

3

## AS AND FOR AN EIGHTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

17.    This Court lacks personal jurisdiction over TMCC based upon improper service of process.

WHEREFORE, defendant TMCC, hereby demands judgment dismissing the plaintiff's Verified Complaint, together with the costs and disbursements in the defense of this action.

Dated: New York, New York
      November, 12, 2007

                              LONDON FISCHER LLP

            By:    _____
                   Hae Jin Shim
                   Attorneys for Defendant
                   TOYOTA MOTOR CREDIT, CORP.
                   59 Maiden Lane
                   New York, New York  10038
                   (212) 972-1000

TO:    Jay S. Hausman & Associates, P.C.
       JAY S. HAUSMAN & ASSOCIATES, P.C.
       Attorney for Plaintiff
       BERIAM ORTIZ
       280 North Central Avenue, Suite 40
       Hartsdale, New York 10530
       (914) 946-3344

       ERIN KATHLEEN BARLOW
       Defendant Pro Se
       83 Maplewood Avenue
       Dallas, PA 18612

       CAROL SHERMAN
       Defendant Pro Se
       169 Ocean Avenue
       Stamford, CT 06902

4

## ATTORNEY'S VERIFICATION

HAE JIN SHIM, being an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following to be true, under the penalties of perjury:

1.  Affirmant is an associate of the law firm LONDON FISCHER LLP, attorneys of record for Defendant TOYOTA MOTOR CREDIT, CORP. ("TMCC") in the within action, and is fully familiar with the facts and circumstances set forth herein.

2.  Affirmant has read the foregoing Verified Answer, knows the contents thereof, and the same is true to affirmant's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true.

3.  Affirmant further states that the reason this verification is made by the undersigned and not by the TMCC is because TMCC's principal place of business is not in the County where affirmant maintains his office

4.  The grounds of affirmant's belief as to all TMCC and counsel's file.

Dated:      New York, New York
            November 12, 2007

_____
HAE JIN SHIM

5

Index No.: 301887/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

BERIAM ORTIZ

                    Plaintiff,

        -against-

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. and CAROL SHERMAN,

                Defendants.

VERIFIED ANSWER

LONDON FISCHER LLP
*Attorneys for*
  *DEFENDANT, TMCC*

*Office and Post Office, Address, Telephone*
59 MAIDEN LANE
NEW YORK, NEW YORK 10038

RECEIVED
NOV 15 2007
JAY S. HAUSMAN
& ASSOCIATES, P.C.