UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
BERIAM ORTIZ,

                  Plaintiff,

             -against-

ERIN KATHLEEN BARLOW, TOYOTA
MOTOR CREDIT CORP., and CAROL
SHERMAN,
                  Defendants.
-----------------------------------------------------X

**AFFIRMATION IN SUPPORT**

07-CV-10365

      ELIZABETH M. PENDZICK, an attorney duly admitted to practice in the United States District Court for the Southern District of New York, does hereby affirm, under penalty of perjury:

      1.     I am a member of JAY S. HAUSMAN & ASSOCIATES, P.C., counsel for the plaintiff, Beriam Ortiz.

      2.     I make this Affirmation in support of the within motion for partial summary judgment, determining issues of liability in favor of the plaintiff, and against defendant ERIN KATHLEEN BARLOW.

      3.     In support of the within application, I submit the following documentation:

Exhibit A:     The Summons and Complaint

Exhibit B:     The Answers of the Defendants

Exhibit C:     The Notice of Removal

Exhibit D:     The Stipulation of Discontinuance Against Defendant Toyota

Exhibit E:     The Affidavit of Plaintiff, Beriam Ortiz

Exhibit F:     The Police Report

4.    For the reasons set forth in the annexed Memorandum of Law, partial summary judgment is appropriate.

WHEREFORE, plaintiff's motion should be granted by this Honorable Court.

Dated: Hartsdale, New York
      April 18, 2008

ELIZABETH M. PENDZICK

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X

BERIAM ORTIZ,

                              Plaintiff,

          -against-

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. and CAROL SHERMAN,

                              Defendants.
------------------------------------------------------------X

Plaintiff Designates
Bronx County as the place
of Trial

Index No.: 301887/07

**SUMMONS**

**DATE FILED** 10/16/207

Plaintiff resides at
323 E, Gun Hill Road
Bronx, New York 10467

To the above named Defendant(s):

 **You are hereby summoned** to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance,
on the Plaintiff's Attorney(s) within 20 days after the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will be taken against you by default for
the relief demanded in the complaint.

Dated: Hartsdale, New York
   October 9, 2007

**Defendants' Addresses:**

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, PA 18612

Toyota Motor Credit Corp.
Box 105386
Atlanta, GA 30348

Carol Sherman
169 Ocean Avenue
Stamford, CT 06902

*JAY S. HAUSMAN & ASSOCIATES, P.C.*

By:_____
 JAY S HAUSMAN
 *Attorneys for Plaintiffs*
 Office and Post Office
 280 North Central Avenue- Suite 40
 Hartsdale, New York 10530
 New York, New York 10013
 **(914) 946-3344**

H:\Ortiz, Beriam\S&C.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X

BERIAM ORTIZ,

                         Plaintiff,

              -against-

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. and CAROL SHERMAN,

                       Defendants.
-------------------------------------------------------------X

COMPLAINT

Index #:  301 887/*w7*

DATE FILED  10/16/*w7*

       Plaintiff, by her attorneys, *JAY S. HAUSMAN & ASSOCIATES, P.C.*, complaining of the

defendants, alleges the following upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION

1.     That at all times hereinafter mentioned, the plaintiff resides in the County of Bronx.

2.     That this cause of action alleged herein arose in the County of Bronx, State of New York.

3.     That this action falls within one or more exemptions set forth in CPLR §1602.

4.     That at all times hereinafter mentioned the defendant, ERIN KATHLEEN BARLOW, was

a resident of the State of Pennsylvania.

5.     That at all times hereinafter mentioned, and upon information and belief, the defendant,

ERIN KATHLEEN BARLOW, owned the motor vehicle bearing registration number EVK2109,

State of Pennsylvania.

H:\Ortiz, Beriam\S&C.wpd

BRONX COUNTY
COUNTY CLERK
07 OCT 16 PM 2: 21

6.    That at all times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN BARLOW, operated the motor vehicle bearing registration number EVK2109, State of Pennsylvania.

7.    That at all times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN BARLOW, drove the motor vehicle bearing registration number EVK2109, State of Pennsylvania.

8.    That at all times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN BARLOW, maintained the motor vehicle bearing registration number EVK2109, State of Pennsylvania.

9.    That at all times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN BARLOW, operated, drove, and maintained the motor vehicle bearing registration number EVK2109, State of Pennsylvania, with the knowledge, permission and consent of its owner.

10.    That at all times hereinafter mentioned and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

11.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

12.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. maintained a principal place of business in the State of New

York.

13.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. maintained a principal place of business in the State of Georgia.

14.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, was a resident of the State of Connecticut.

15.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. owned the motor vehicle bearing registration number 407USL, State of Connecticut.

16.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. by its agents, servants, and/or employees, maintained the motor vehicle bearing registration number 407USL, State of Connecticut.

17.    That at all times hereinafter mentioned, and upon information and belief, the defendant, TOYOTA MOTOR CREDIT, CORP. by its agents, servants, and/or employees, operated the motor vehicle bearing registration number 407USL, State of Connecticut.

18.    That at all times hereinafter mentioned, and upon information and belief, the defendant, TOYOTA MOTOR CREDIT, CORP. by its agents, servants, and/or employees, drove the motor vehicle bearing registration number 407USL, State of Connecticut.

19.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, owned the motor vehicle bearing registration number 407USL, State of Connecticut.

H:\Ortiz, Beriam\S&C.wpd

20.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, operated the motor vehicle bearing registration number 407USL, State of Connecticut.

21.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, drove the motor vehicle bearing registration number 407USL, State of Connecticut.

22.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, maintained the motor vehicle bearing registration number 407USL, State of Connecticut.

23.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, operated, drove, and maintained the motor vehicle bearing registration number 407USL, State of Connecticut, with the knowledge, permission and consent of its owner.

24.    That at all times hereinafter mentioned, the plaintiff, BERIAM ORTIZ, operated a motor vehicle bearing registration number DFX8977, State of New York.

25.    That at all times hereinafter mentioned, Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York was and still is a public roadway/highway.

26.    That on or about April 20, 2007, plaintiff, BERIAM ORTIZ was operating her vehicle on Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York.

27.    That on or about April 20, 2007, defendant, ERIN KATHLEEN BARLOW was operating

H:\Ortiz, Beriam\S&C.wpd

her vehicle on Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York.

28.    That on or about April 20, 2007, defendant, CAROL SHERMAN, was operating the vehicle owned by defendant, TOYOTA MOTOR CREDIT CORP., on Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York.

29.    That on April 20, 2007, the motor vehicle owned and operated by defendant, ERIN KATHLEEN BARLOW, came into violent contact with the motor vehicle operated by plaintiff, BERIAM ORTIZ.

30.    That on April 20, 2007, the motor vehicle owned by defendant, TOYOTA MOTOR CREDIT CORP. operated by the defendant, CAROL SHERMAN, came into violent contact with the motor vehicle operated by plaintiff, BERIAM ORTIZ.

31.    That the aforesaid collision and injuries resulting therefrom, were due solely and wholly as a result of the careless and negligent manner in which the defendants operated and controlled their motor vehicles without this plaintiff in any way contributing thereto.

32.    That by reason of the foregoing and the negligence of the said defendants, this plaintiff sustained serious, severe, and permanent injuries to her head, limbs and body, still suffers and will continue to suffer for some time, great physical and mental pain and serious bodily injury; became sick, sore, lame and disabled and so remained for a considerable length of time.

33.    That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, BERIAM ORTIZ, sustained serious injuries as defined in the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as

H:\Ortiz, Beriam\S&C.wpd

defined in said Insurance Law.

34.    That by reason of the foregoing and the negligence of the said defendants, this plaintiff, BERIAM ORTIZ, is informed and verily believes her aforesaid injuries are permanent and she will permanently suffer from the effects of her aforesaid injuries and she will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

35.    That by reason of the foregoing, this plaintiff, BERIAM ORTIZ, was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff, BERIAM ORTIZ, will necessarily incur similar expenses in the future.

36.    That by reason of the foregoing, the plaintiff, BERIAM ORTIZ, has been unable to attend to her usual occupation and avocation in the manner required.

37.    That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, BERIAM ORTIZ, was severely injured, bruised and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

38.    That as a result of the defendants' negligence as aforesaid, this plaintiff, BERIAM ORTIZ, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

WHEREFORE, plaintiff, BERIAM ORTIZ, demands judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, on the First Cause of Action; together with the costs and disbursements

H:\Ortiz, Beriam\S&C.wpd

of this action.

Dated:        Hartsdale, New York
              October 9, 2007

Yours, etc.,

*JAY S. HAUSMAN & ASSOCIATES, P.C.*

By:
JAY S. HAUSMAN
*Attorney for Plaintiff(s)*
280 North Central Ave- Suite 40
Hartsdale, New York 10530
(914) 946-3344

H:\Ortiz, Beriam\S&C.wpd

STATE OF NEW YORK, COUNTY OF WESTCHESTER          ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not states upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated:        Hartsdale, New York
              October 9, 2007

                                          JAY S. HAUSMAN

H:\Ortiz, Beriam\S&C.wpd

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* X

BERIAM ORTIZ

                                                    VERIFIED ANSWER
                                                    WITH CROSS CLAIM

                              Plaintiff(s)          Docket No.: 07 CV
                                                    10365

      - against -

ERIN KATHALEEN BARLOW, TOYOTA MOTOR CREDIT., and
CAROL SHERMAN
                              Defendant(s)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* X

      Defendant, ERIN KATHLEEN BARLOW , by and through her  attorney, ANTHONY D.

PERRI, ESQ., as and for her  Verified Answer with Cross Claim to the Complaint herein, upon

information and belief, respectfully alleges as follows:

ANSWERING A FIRST
CAUSE OF ACTION:

      1.      Denies any knowledge or information thereof sufficient to form a belief as to each

and  every allegation contained in Paragraph(s) "1", "2", "7", "8", "10", "11", "12", "13", "14",

"15","16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "28" and "30" of the

Complaint herein.

      2.      Deny each and every allegation contained in Paragraph(s) "3" and "33" of the

Complaint herein, and respectfully refers all questions of law to this Honorable Court.

      3.      Denies any knowledge or information thereof sufficient to form a belief as to each

and every allegation contained in Paragraph(s) "9" of the Complaint herein except admits that at all

times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN

BARLOW, operated the motor vehicle bearing registration number EVK2109, State of

Pennsylvania, with the knowledge, permission and consent of its owner.

4.     Deny each and every allegation contained in Paragraph(s) "29" of the Complaint herein except admits that on April 20, 2007, the motor vehicle owned and operated by defendant, ERIN KATHLEEN BARLOW, was in contact with the motor vehicle operated by plaintiff, BERIAM ORTIZ.

5.     Denies each and every allegation contained in Paragraph(s) "31", "32", "34", "35", "36", "37" and "38" of the Complaint herein.

AS AND FOR A FIRST,
SEPARATE & DISTINCT
AFFIRMATIVE DEFENSE:

6.     Upon information and belief, the injuries and damages alleged were caused by the contributory negligence and/or culpable conduct of the Plaintiff.

AS AND FOR A SECOND,
SEPARATE & DISTINCT
AFFIRMATIVE DEFENSE:

7.     Upon information and belief, any past or future costs or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, have been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

8.     If any damages are recoverable against this said answering Defendant, the amount of such damages shall be diminished by the amount of the funds which Plaintiff has or shall receive from such collateral source.

AS AND FOR A THIRD,
SEPARATE & DISTINCT
AFFIRMATIVE DEFENSE:

9.      Upon information and belief, if Plaintiff failed to properly utilize an available seat belt and/or shoulder harness, and/or infant restraining device, such failure is pleaded in mitigation of damages.

AS AND FOR A CROSS-CLAIM
AGAINST THE CO-DEFENDANT(S)
TOYOTA MOTOR CREDIT CORP., AND CAROL
SHERMAN
IT IS ALLEGED BY THE
ANSWERING DEFENDANT,
ERIN KATHLEEN BARLOW:

10.     Upon information and belief, if damages were sustained by Plaintiff as alleged in the complaint, said damages resulted from the culpable conduct of the above named Defendants, TOYOTA MOTOR CREDIT CORP., AND CAROL SHERMAN.

That by reason of the foregoing and/or pursuant to an agreement, the above named Defendant , TOYOTA MOTOR CREDIT CORP., and CAROL SHERMAN  will be liable to the answering Defendant in the amount of any recovery by any party as against the answering Defendant.

WHEREFORE, Defendant, ERIN KATHLEEN BARLOW hereby demands judgment dismissing the Complaint of the Plaintiff herein, and further demands that judgment be granted over and against the above named Defendants, TOYOTA MOTOR CREDIT CORP., AND CAROL SHERMAN, in the amount of any recovery by any party as against the answering Defendant, ERIN KATHLEEN BARLOW, together with the costs and disbursements of this action.

Dated:    New York, New York
          January 2, 2008

- 3 -

Yours, etc.,

ANTHONY D. PERRI, ESQ.

BY: LORETTA J. HOTTINGER, ESQ. (4841 )
Attorney for Defendant
ERIN KATHLEEN BARLOW
Office Address
17 State Street, 25th Floor
New York, New York 10004
(212) 809-4800
File No. : 2007-11191 /LJH

VERIFICATION

LORETTA J. HOTTINGER, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms under the penalties of perjury, pursuant to the CPLR that the following facts are true:

Affirmant is associated with ANTHONY D. PERRI, ESQ., attorney for the Defendant, ERIN KATHLEEN BARLOW, in the within action; that she has read the foregoing VERIFIED ANSWER WITH CROSS CLAIM and knows the contents thereof; that the same is true to her own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters, she believes it to be true.

Affirmant further says that the ground of her belief as to all matters not stated upon her knowledge are based upon correspondence, investigation and file papers and that the reason this Verification is made by your Affirmant and not by the Defendant is that the Defendant is not within the County of New York, the County in which Affirmant has her office.

Dated:   New York, New York
         January 2, 2008

                                    _____
                                    LORETTA J. HOTTINGER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x    Index No.:  301887/07
BERIAM ORTIZ,

                    Plaintiff          **ANSWER TO COMPLAINT**

                    v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. AND CAROL SHERMAN,

                    Defendants
------------------------------------x

    Defendant, Carol Sherman, by her attorneys, EUSTACE &

MARQUEZ, answers the Complaint of the Plaintiff by stating

as follows:

    1.    Denies, upon information and belief, the allegations

of paragraphs 16, 17, 18, 30, 31, 32, 33, 34, 35, 36, 37 and 38.

    2.    Denies having knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraphs

1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 24, 26, 27 and 29.

    3.    Denies having knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraphs

3, 15, 19, 22, 25 and 28 and respectfully refers all questions

of law to this Honorable Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

    4.    The injuries alleged to have been suffered by the

Plaintiffs were caused, in whole or part, by the conduct of

Plaintiffs. Plaintiffs' claims therefore are barred or
diminished in the proportion that such culpable conduct of
Plaintiffs bears to the total culpable conduct causing the
damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

5.    The injuries and damages alleged in the Complaint were
caused or contributed to by the culpable conduct including
contributory negligence, assumption of the risk and/or product
misuse of persons over whom this Defendant had no authority or
control.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

6.    The Plaintiffs failed to mitigate the damages as
alleged in the Complaint by failure to wear or use seatbelts,
shoulder harnesses, or other restraints or protective devices,
at the time and place of the alleged incident, and any award
made to or accepted by the Plaintiffs must be reduced in such
proportion to the extent that the injuries complained of were
caused, aggravated or contributed to by the Plaintiffs' failure
to use such protective devices.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

7.    The Plaintiffs are precluded from maintaining this
action by Insurance Law Article 51 in that Plaintiffs have

failed to sustain a serious injury or economic loss greater than the basic economic loss as defined by that law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

8.    That recovery, if any, by the Plaintiffs shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

9.    The injuries and damages alleged in the Complaint of the Plaintiffs were caused or contributed to by Plaintiff's culpable conduct in assuming the risk under the conditions and circumstances existing.

### AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AGAINST: ERIN KATHLEEN BARLOW

10.    If any plaintiff recovers against this Defendant, then this Defendant will be entitled to an apportionment of responsibility for damages between and amongst the parties of this action and will be entitled to recover from each other party for its proportional share commensurate with any judgment which may be awarded to the plaintiff.

### AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNITY AGAINST: ERIN KATHLEEN BARLOW

11.    If any plaintiff recovers against this Defendant, then this Defendant will be entitled to be indemnified and to recover the full amount of any judgment from the ERIN KATHLEEN BARLOW.

WHEREFORE, this Defendant demands judgment dismissing the Complaint, together with costs and disbursements, and in the event any judgment or settlement is recovered herein against this Defendant, then this Defendant further demands that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and this Defendant further demands judgment against each other party on the respective crossclaims and/or counterclaims.

DATED: November 12, 2007
       White Plains, New York

                              Yours, etc.,

                              **EUSTACE & MARQUEZ**
                              Attorneys for Defendant
                              **CAROL SHERMAN**
                              Office and Post Office
                              Address
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York   10605
                              (914) 989-6650

                              By:

                              Edward M. Eustace

To:

Jay S. Hausman & Associates, PC.
Attorneys for Plaintiff, Beriam Ortiz
280 North Central Avenue
Hartsdale, New York   10530

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, Pennsylvania   18612

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
BERIAM ORTIZ,                                          Index No.: 301887/07

                         Plaintiff,

        -against-
                                                       VERIFIED ANSWER

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. and CAROL SHERMAN,

                         Defendants
-----------------------------------------------------------------X

        Defendant, TOYOTA MOTOR CREDIT, CORP., ("TMCC"), by its attorneys,

LONDON FISCHER LLP, as and for its Verified Answer to the Verified Complaint, allege, upon

information and belief, as follows:

## AS AND FOR AN ANSWER
## TO THE FIRST CAUSE OF ACTION

        1.      Denies knowledge or information sufficient to form a belief as to each and

every allegation contained in paragraphs "1", "2", "4", "5", "6", "7", "8", "9", "14", "19", "20",

"21", "22", "23", "24", "25", "26", "27", "28", and "29" of the Verified Complaint.

        2.      Denies knowledge or information sufficient to form a belief as to each and

every allegation contained in paragraph "3" of the Verified Complaint, and respectfully refers all

questions of law to the Court.

        3       Denies each and every allegation contained in paragraphs "10", "13",

"16", "17", "18", "31", "32", "34", "35", "36" and "37" of the Verified Complaint.

        4.      Admits each and every allegation contained in paragraph "11" of the

Verified Complaint.

        5       Denies each and every allegation contained in paragraph "12", of the

Verified Complaint, except admits that defendant, TMCC maintained an office in Orange

County, New York.

6.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "15" of the Verified Complaint, on the ground that the pleadings lack sufficient identifying information to permit this defendant to plead otherwise.

7.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "30" of the Verified Complaint, except denies "violent" contact with the motor vehicle.

8.      Denies each and every allegation contained in paragraphs "33" and "38" of the Verified Complaint, and respectfully refers all questions of law to the Court.

## AS AND FOR A FIRST SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

9.      The accident complained of was caused in whole or in part by the culpable conduct attributable to the plaintiff, including comparative fault and/or assumption of risk.

10.      Plaintiff should be barred from recovery by reason of the fact that the subject accident was entirely the result of the culpable conduct and/or assumption of risk on the part of the plaintiff, or, in the event that plaintiff is entitled to recover, the amount of damages otherwise should be diminished in the proportion to which the culpable conduct and/or assumption of risk attributable to plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A SECOND SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

11.      Upon information and belief, any damages sustained by plaintiff, as alleged in the Verified Complaint, were caused by parties other than this defendant.

2

## AS AND FOR A THIRD SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

12.     Any amount that may be awarded to plaintiff as against TMCC, must be reduced by the amount received from or indemnified by any collateral source pursuant to CPLR §4545(c).

## AS AND FOR A FOURTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

13.     In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, TMCC will be entitled to protection under General Obligation Law §15-108 and the corresponding reduction of any damages which may be determined to be due against TMCC.

## AS AND FOR A FIFTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

14.     This action is barred on the grounds that plaintiff did not sustain a "serious injury" as defined by §5102(d) of the Insurance Law of the State of New York.

## AS AND FOR A SIXTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

15.     As against TMCC, this action is barred by federal preemption pursuant to 49 U.S.C. § 30106.

## AS AND FOR A SEVENTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

16.     As against TMCC, this action is barred by plaintiff's failure to state a cause of action.

3

## AS AND FOR AN EIGHTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

17.    This Court lacks personal jurisdiction over TMCC based upon improper service of process.

WHEREFORE, defendant TMCC, hereby demands judgment dismissing the plaintiff's Verified Complaint, together with the costs and disbursements in the defense of this action.

Dated: New York, New York
        November, 12, 2007

                                    LONDON FISCHER LLP

                            By:     _____
                                    Hae Jin Shim
                                    Attorneys for Defendant
                                    TOYOTA MOTOR CREDIT, CORP.
                                    59 Maiden Lane
                                    New York, New York  10038
                                    (212) 972-1000

TO:    Jay S. Hausman & Associates, P.C.
       JAY S. HAUSMAN & ASSOCIATES, P.C.
       Attorney for Plaintiff
       BERIAM ORTIZ
       280 North Central Avenue, Suite 40
       Hartsdale, New York 10530
       (914) 946-3344

       ERIN KATHLEEN BARLOW
       Defendant Pro Se
       83 Maplewood Avenue
       Dallas, PA 18612

       CAROL SHERMAN
       Defendant Pro Se
       169 Ocean Avenue
       Stamford, CT 06902

4

## ATTORNEY'S VERIFICATION

HAE JIN SHIM, being an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following to be true, under the penalties of perjury:

1. Affirmant is an associate of the law firm LONDON FISCHER LLP, attorneys of record for Defendant TOYOTA MOTOR CREDIT, CORP. ("TMCC") in the within action, and is fully familiar with the facts and circumstances set forth herein.

2. Affirmant has read the foregoing Verified Answer, knows the contents thereof, and the same is true to affirmant's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true.

3. Affirmant further states that the reason this verification is made by the undersigned and not by the TMCC is because TMCC's principal place of business is not in the County where affirmant maintains his office

4. The grounds of affirmant's belief as to all TMCC and counsel's file.

Dated:     New York, New York
           November 12, 2007

                                      _____
                                              HAE JIN SHIM

5

Index No.: 301887/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

BERIAM ORTIZ

               Plaintiff,

    -against-

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. and CAROL SHERMAN,

             Defendants.

VERIFIED ANSWER

LONDON FISCHER LLP

*Attorneys for*

*DEFENDANT, TMCC*

*Office and Post Office, Address, Telephone*
59 MAIDEN LANE
NEW YORK, NEW YORK 10038



RECEIVED
NOV 15 2007
JAY S. HAUSMAN
& ASSOCIATES, P.C.

Exhibit C

NOV 1 5 2007

USDC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x          Index No.:   301887/07
BERIAM ORTIZ,

                     Plaintiff          **NOTICE OF REMOVAL OF**
**CIVIL ACTION PURSUANT**
**TO 28 U.S.C. §1441**

       v.                                          **'07 CIV 1036**

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

                  Defendants
-------------------------------------x          **JUDGE CHIN**

TO:   CLERK OF THE ABOVE-ENTITLED COURT:

    NOTICE IS HEREBY GIVEN, that Carol Sherman, the Defendant

in the civil action in the SUPREME COURT OF THE STATE OF NEW

YORK, COUNTY OF BRONX, hereby files this Notice of Removal to

the United States District Court for the Southern District of

New York pursuant to 28 U.S.C. Sections 1441 and 1446.   A true

copy of the State Court Notice of Removal of Civil Action

(without its attachments) is attached hereto as Exhibit "A" and

is incorporated herein by reference.   True and correct copies of

Plaintiff's Summons and Complaint are attached hereto as Exhibit

"B".  A true and correct copy of Defendants' Answer in this

action is annexed hereto as Exhibit "C".

    This is a civil action seeking monetary damages in excess

of $75,000 of which this Court has original jurisdiction under

28 U.S.C. section 1332.

    The United States District Court of the Southern District

of New York has original jurisdiction of this matter based on
diversity of citizenship of the parties.  The basis of this
jurisdiction is provided in Section 1332(a) of Title 28 of the
United States Code.  This section states, in pertinent part,
that the district courts should have original jurisdiction of
all civil actions with a matter in controversy exceeds the sum
of or value of $75,000 exclusive of interest and cost, and is
between citizens of different States.

As seen from the pleadings in this matter, plaintiff is a
citizen of the State of New York and defendant is a citizen of
the State of Connecticut.  The Summons and Complaint further
alleges that the matter in controversy is well in excess of
$75,000.

Concurrently with the filing of this Notice of Removal,
defendant is giving notice to all known parties of this removal
and the fact that this case is to be docketed in this Court and
that this Court will grant relief to defendant as is proper
under the circumstances.

Pursuant to 28 U.S.C. Section 1446(a) all process,
pleadings and orders that have been served upon defendant to
date in this matter are annexed to this Notice of Removal as
Exhibit "B".

Pursuant to 28 U.S.C. 1446(d) a true and complete copy of
this Notice of Removal will be submitted for filing with the

SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF BRONX.

DATED:    November 14, 2007
          White Plains, New York

                         Yours, etc.,
                         Eustace & Marquez
                         Attorneys for Defendant
                         **Carol Sherman**
                         Office and Post Office Address
                         1311 Mamaroneck Avenue
                         3rd Floor
                         White Plains, New York    10605
                         (914) 989-6650

                         By: _____
                              John R. Marquez - 3623

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------x    Index No.:   301887/07
BERIAM ORTIZ,

                    Plaintiff          **NOTICE OF FILING OF
                                       NOTICE OF REMOVAL**

         v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

                    Defendants
-----------------------------------x

TO:  **THE CLERK OF THE SUPREME COURT FOR THE STATE OF NEW YORK
     AND TO ALL PARTIES TO THE ACTION HEREIN:**

         PLEASE TAKE NOTICE THAT Defendant Carol Sherman, have filed

a Notice of Removal of this action in the United States District

Court for the Southern District of New York, on November 14,

2007, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

A Copy of the said Notice of Removal is annexed hereto as

Exhibit "A". This notice is filed pursuant to 28 U.S.C.

§1446(d).

DATED:    November 14, 2007
          White Plains, New York

                              Yours, etc.,
                              Eustace & Marquez
                              Attorneys for Defendant
                              **Carol Sherman**
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York  10605
                              (914) 989-6650

                              By: _____
                                    John R. Marquez

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------X

BERIAM ORTIZ,

                      Plaintiff,

          -against-

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. and CAROL SHERMAN,

                    Defendants.
--------------------------------------------------------------X

Plaintiff Designates
Bronx County as the place
of Trial

Index No.: 301887/mn2
**SUMMONS**
**DATE FILED** 10/16/mn2

Plaintiff resides at
323 E, Gun Hill Road
Bronx, New York 10467

To the above named Defendant(s):

    **You are hereby summoned** to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance,
on the Plaintiff's Attorney(s) within 20 days after the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will be taken against you by default for
the relief demanded in the complaint.

Dated: Hartsdale, New York
      October 9, 2007

**Defendants' Addresses:**

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, PA 18612

Toyota Motor Credit Corp.
Box 105386
Atlanta, GA 30348

Carol Sherman
169 Ocean Avenue
Stamford, CT 06902

*JAY S. HAUSMAN & ASSOCIATES, P.C.*

By:_____
    JAY S. HAUSMAN
    *Attorneys for Plaintiffs*
    Office and Post Office
    280 North Central Avenue- Suite 40
    Hartsdale, New York 10530
    New York, New York 10013
    **(914) 946-3344**

H:\Ortiz, Beriam\S&C.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
BERIAM ORTIZ,

                              Plaintiff,

             -against-

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. and CAROL SHERMAN,

                              Defendants.
------------------------------------------------------------X

COMPLAINT

Index #:   30 /88 7 /20 7

DATE FILED   /0/16/20 7

             Plaintiff, by her attorneys, ~~JAY S. HAUSMAN & ASSOCIATES, P.C.~~, complaining of the

defendants, alleges the following upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1.      That at all times hereinafter mentioned, the plaintiff resides in the County of Bronx.

2.      That this cause of action alleged herein arose in the County of Bronx, State of New York.

3.      That this action falls within one or more exemptions set forth in CPLR §1602.

4.      That at all times hereinafter mentioned the defendant, ERIN KATHLEEN BARLOW, was

a resident of the State of Pennsylvania.

5.      That at all times hereinafter mentioned, and upon information and belief, the defendant,

ERIN KATHLEEN BARLOW, owned the motor vehicle bearing registration number EVK2109,

State of Pennsylvania.

H:\Ortiz, Beriam\S&C.wpd

6.    That at all times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN BARLOW, operated the motor vehicle bearing registration number EVK2109, State of Pennsylvania.

7.    That at all times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN BARLOW, drove the motor vehicle bearing registration number EVK2109, State of Pennsylvania.

8.    That at all times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN BARLOW, maintained the motor vehicle bearing registration number EVK2109, State of Pennsylvania.

9.    That at all times hereinafter mentioned, and upon information and belief, the defendant, ERIN KATHLEEN BARLOW, operated, drove, and maintained the motor vehicle bearing registration number EVK2109, State of Pennsylvania, with the knowledge, permission and consent of its owner.

10.    That at all times hereinafter mentioned and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

11.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

12.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. maintained a principal place of business in the State of New

York.

13.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. maintained a principal place of business in the State of Georgia.

14.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, was a resident of the State of Connecticut.

15.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. owned the motor vehicle bearing registration number 407USL, State of Connecticut.

16.    That at all times hereinafter mentioned, and upon information and belief, the defendant TOYOTA MOTOR CREDIT, CORP. by its agents, servants, and/or employees, maintained the motor vehicle bearing registration number 407USL, State of Connecticut.

17.    That at all times hereinafter mentioned, and upon information and belief, the defendant, TOYOTA MOTOR CREDIT, CORP. by its agents, servants, and/or employees, operated the motor vehicle bearing registration number 407USL, State of Connecticut.

18.    That at all times hereinafter mentioned, and upon information and belief, the defendant, TOYOTA MOTOR CREDIT, CORP. by its agents, servants, and/or employees, drove the motor vehicle bearing registration number 407USL, State of Connecticut.

19.    That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, owned the motor vehicle bearing registration number 407USL, State of Connecticut.

H:\Ortiz, Beriam\S&C.wpd

20.     That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, operated the motor vehicle bearing registration number 407USL, State of Connecticut.

21.     That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, drove the motor vehicle bearing registration number 407USL, State of Connecticut.

22.     That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, maintained the motor vehicle bearing registration number 407USL, State of Connecticut.

23.     That at all times hereinafter mentioned, and upon information and belief, the defendant, CAROL SHERMAN, operated, drove, and maintained the motor vehicle bearing registration number 407USL, State of Connecticut, with the knowledge, permission and consent of its owner.

24.     That at all times hereinafter mentioned, the plaintiff, BERIAM ORTIZ, operated a motor vehicle bearing registration number DFX8977, State of New York.

25.     That at all times hereinafter mentioned, Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York was and still is a public roadway/highway.

26.     That on or about April 20, 2007, plaintiff, BERIAM ORTIZ was operating her vehicle on Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York.

27.     That on or about April 20, 2007, defendant, ERIN KATHLEEN BARLOW was operating

H:\Ortiz, Beriam\S&C.wpd

her vehicle on Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York.

28. That on or about April 20, 2007, defendant, CAROL SHERMAN, was operating the vehicle owned by defendant, TOYOTA MOTOR CREDIT CORP., on Bruckner Boulevard at or about its intersection with East Tremont Avenue, County of Bronx, State of New York.

29. That on April 20, 2007, the motor vehicle owned and operated by defendant, ERIN KATHLEEN BARLOW, came into violent contact with the motor vehicle operated by plaintiff, BERIAM ORTIZ.

30. That on April 20, 2007, the motor vehicle owned by defendant, TOYOTA MOTOR CREDIT CORP. operated by the defendant, CAROL SHERMAN, came into violent contact with the motor vehicle operated by plaintiff, BERIAM ORTIZ.

31. That the aforesaid collision and injuries resulting therefrom, were due solely and wholly as a result of the careless and negligent manner in which the defendants operated and controlled their motor vehicles without this plaintiff in any way contributing thereto.

32. That by reason of the foregoing and the negligence of the said defendants, this plaintiff sustained serious, severe, and permanent injuries to her head, limbs and body, still suffers and will continue to suffer for some time, great physical and mental pain and serious bodily injury; became sick, sore, lame and disabled and so remained for a considerable length of time.

33. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, BERIAM ORTIZ, sustained serious injuries as defined in the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as

H:\Ortiz, Beriam\S&C.wpd

defined in said Insurance Law.

34.    That by reason of the foregoing and the negligence of the said defendants, this plaintiff,

BERIAM ORTIZ, is informed and verily believes her aforesaid injuries are permanent and she will

permanently suffer from the effects of her aforesaid injuries and she will be caused to suffer

permanent embarrassment and continuous pain and inconvenience.

35.    That by reason of the foregoing, this plaintiff, BERIAM ORTIZ, was compelled and did

necessarily require medical aid and attention and did necessarily pay and become liable therefore,

for medicines and upon information and belief, the plaintiff, BERIAM ORTIZ, will necessarily incur

similar expenses in the future.

36.    That by reason of the foregoing, the plaintiff, BERIAM ORTIZ, has been unable to attend

to her usual occupation and avocation in the manner required.

37.    That by reason of the wrongful, negligent and unlawful actions of the defendants, as

aforesaid, the plaintiff, BERIAM ORTIZ, was severely injured, bruised and wounded, suffered, still

suffers, and will continue to suffer for some time great physical pain and great bodily injuries and

became sick, sore, lame and disabled and so remained for a considerable length of time.

38.    That as a result of the defendants' negligence as aforesaid, this plaintiff, BERIAM ORTIZ,

has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which

would otherwise have jurisdiction in this matter.

    **WHEREFORE**, plaintiff, BERIAM ORTIZ, demands judgment against the defendants in

an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have

jurisdiction in this matter, on the First Cause of Action; together with the costs and disbursements

H:\Ortiz, Beriam\S&C.wpd

. of this action.

Dated:       Hartsdale, New York
             October 9, 2007

                                          Yours, etc.,

                                          *JAY S. HAUSMAN & ASSOCIATES, P.C.*

                                          By: _____
                                              JAY S. HAUSMAN
                                              *Attorney for Plaintiff(s)*
                                              280 North Central Ave- Suite 40
                                              Hartsdale, New York 10530
                                              (914) 946-3344

H:\Ortiz, Beriam\S&C.wpd

STATE OF NEW YORK, COUNTY OF WESTCHESTER      ss:

     I, the undersigned, an attorney admitted to practice in the Courts of New York State, state

under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have

read the foregoing Verified Complaint and know the contents thereof; the same is true to my own

knowledge, except as to the matters I believe to be true. The reason this verification is made by me

and not by my client(s), is that my client(s) are not presently in the County where I maintain my

offices. The grounds of my belief as to all matters not states upon my own knowledge are the

materials in my file and the investigation conducted by my office.

---

Dated:       Hartsdale, New York
            October 9, 2007


                                       _____
                                     JAY S. HAUSMAN

H:\Ortiz, Beriam\S&C.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------x    Index No.:  301887/07
BERIAM ORTIZ,

             Plaintiff    .  **ANSWER TO COMPLAINT**

                v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR
CREDIT, CORP. AND CAROL SHERMAN,

             Defendants
-------------------------------------x

    Defendant, Carol Sherman, by her attorneys, EUSTACE &

MARQUEZ, answers the Complaint of the Plaintiff by stating

as follows:

    1.    Denies, upon information and belief, the allegations

of paragraphs 16, 17, 18, 30, 31, 32, 33, 34, 35, 36, 37 and 38.

    2.    Denies having knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraphs

1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 24, 26, 27 and 29.

    3.   Denies having knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraphs

3, 15, 19, 22, 25 and 28 and respectfully refers all questions

of law to this Honorable Court.

         **AS AND FOR A FIRST AFFIRMATIVE DEFENSE THIS**
         **ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

    4.    The injuries alleged to have been suffered by the

Plaintiffs were caused, in whole or part, by the conduct of

Plaintiffs. Plaintiffs' claims therefore are barred or diminished in the proportion that such culpable conduct of Plaintiffs bears to the total culpable conduct causing the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

5.    The injuries and damages alleged in the Complaint were caused or contributed to by the culpable conduct including contributory negligence, assumption of the risk and/or product misuse of persons over whom this Defendant had no authority or control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

6.    The Plaintiffs failed to mitigate the damages as alleged in the Complaint by failure to wear or use seatbelts, shoulder harnesses, or other restraints or protective devices, at the time and place of the alleged incident, and any award made to or accepted by the Plaintiffs must be reduced in such proportion to the extent that the injuries complained of were caused, aggravated or contributed to by the Plaintiffs' failure to use such protective devices.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

7.    The Plaintiffs are precluded from maintaining this action by Insurance Law Article 51 in that Plaintiffs have

failed to sustain a serious injury or economic loss greater than the basic economic loss as defined by that law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

8. That recovery, if any, by the Plaintiffs shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

9. The injuries and damages alleged in the Complaint of the Plaintiffs were caused or contributed to by Plaintiff's culpable conduct in assuming the risk under the conditions and circumstances existing.

### AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AGAINST: ERIN KATHLEEN BARLOW

10. If any plaintiff recovers against this Defendant, then this Defendant will be entitled to an apportionment of responsibility for damages between and amongst the parties of this action and will be entitled to recover from each other party for its proportional share commensurate with any judgment which may be awarded to the plaintiff.

### AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNITY AGAINST: ERIN KATHLEEN BARLOW

11. If any plaintiff recovers against this Defendant, then this Defendant will be entitled to be indemnified and to recover the full amount of any judgment from the ERIN KATHLEEN BARLOW.

WHEREFORE, this Defendant demands judgment dismissing the Complaint, together with costs and disbursements, and in the event any judgment or settlement is recovered herein against this Defendant, then this Defendant further demands that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and this Defendant further demands judgment against each other party on the respective crossclaims and/or counterclaims.

DATED: November 12, 2007
       White Plains, New York

                              Yours, etc.,

                              **EUSTACE & MARQUEZ**
                              Attorneys for Defendant
                              **CAROL SHERMAN**
                              Office and Post Office
                              Address
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York  10605
                              (914) 989-6950

                              By:

                              Edward M. Eustace

To:

Jay S. Hausman & Associates, PC.
Attorneys for Plaintiff, Beriam Ortiz
280 North Central Avenue
Hartsdale, New York  10530

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, Pennsylvania   18612

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------x
BERIAM ORTIZ,

                    Plaintiff

                    v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

                    Defendants
---------------------------------------x

Index No.:  301887/07

**NOTICE PURSUANT TO
CPLR 2103**

     **PLEASE TAKE NOTICE** that Defendant **Carol Sherman**, by

her attorneys, EUSTACE & MARQUEZ, hereby serve(s) Notice

upon you pursuant to Rule 2103 of the Civil Practice Law

and Rules that it **expressly rejects** service of papers in

this matter upon them by electronic means.

     **PLEASE TAKE FURTHER NOTICE** that waiver of the

foregoing may only be affected by express prior written

consent to such service by **EUSTACE & MARQUEZ** and by

placement thereby of **EUSTACE & MARQUEZ** electronic

communication number in the address block of papers filed

with the Court.

DATED: November 12, 2007
        White Plains, New York

                              Yours, etc.,

                              **EUSTACE & MARQUEZ**
                              Attorneys for Defendant
                              **CAROL SHERMAN**
                              Office and Post Office
                              Address
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York   10605
                              (914) 989-6650

                              By: _____

                              Edward M. Eustace

To:

Jay S. Hausman & Associates, PC.
Attorneys for Plaintiff, Beriam Ortiz
280 North Central Avenue
Hartsdale, New York   10530

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, Pennsylvania   18612

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------x      Index No.:  301887/07

BERIAM ORTIZ,

              Plaintiff      **COMBINED DISCOVERY DEMANDS AND NOTICE OF DEPOSITION**

                v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

             Defendants

-------------------------------------x

    **PLEASE TAKE NOTICE,** that Defendant **Carol Sherman**, by her attorneys, **EUSTACE & MARQUEZ**, demands that each adverse party afford us the disclosure which this notice and demand specifies:

### DEPOSITIONS OF ADVERSE PARTIES UPON ORAL EXAMINATION

    A.   Each adverse party is to appear for deposition upon oral examination pursuant to CPLR 3107:

    (1) At this date and time: December 12, 2007 at 10:00 am

    (2) At this place:   Eustace & Marquez

                       1311 Mamaroneck Avenue

                       3rd Floor

                       White Plains, NY 10605

    Pursuant to CPLR 3106(d) we designate the following as the identity, description or title of the particular officer, director, member, or employee of the adverse party specified whose deposition we desire to take: ALL PARTIES

C.    Each deposition witness thus examined is to
produce at such time and place, pursuant to CPLR 3111, all
books, papers, and other things which are relevant to the
issues in the action and within that adverse party's
possession, custody, or control to be marked as exhibits,
and used on the examination.

### PARTY STATEMENTS

Each adverse party is to serve on us, pursuant to CPLR
3101(e) and CPLR 3120, within thirty (30) days from the
service of this Demand, a complete and legible copy of any
statement made by or taken from any individual party or any
officer, agent, or employee of said party.

### INSURANCE POLICIES

Each adverse party is to serve, pursuant to CPLR
3101(f) and CPLR 3120, within thirty (30) days from the
service of this Demand, a complete and legible copy of each
primary or excess insurance agreement under which any
person carrying on an insurance business may be liable to
satisfy part or all of any judgment which may be entered in
this action or to indemnify or reimburse for payments made
to satisfy any such judgment.

### ACCIDENT REPORTS

Each adverse party is to serve, pursuant to CPLR
3101(g) and CPLR 3120, within thirty (30) days from service

of this Demand, a complete and legible copy of every
written report of the accident or other event alleged in
the complaint prepared in the regular course of that
adverse party's business operations or practices.

### PHOTOGRAPHS AND VIDEOTAPES

Each adverse party is to serve within thirty (30) days
from the service of this Demand, complete and legible
photographic or videotape reproductions of any and all
photographs, motion pictures, maps, drawings, diagrams,
measurements, surveys of the scene of the accident or
equipment or instrumentality involved in the action or
photographs of persons or vehicles involved (if applicable)
made either before, after or at the time of the events in
question, including any photographs or videotapes made of
the plaintiff at any time since the incident referred to in
the Complaint.

### WITNESSES

Each adverse party is to serve within thirty (30) days
from the service of this Demand, the name and address of
each witness to any of the following:

1.   The accident, occurrence or any other event set
forth in the complaint.

2.   Any fact tending to prove actual or constructive
notice of any condition which may give rise to the

liability of any person, whether or not a party, for any damages alleged in this action.

3.  Any admission, statement, writing or act of our client.

### EXPERT WITNESS MATERIAL

Each adverse party is to serve, pursuant to CPLR 3101(d)(1), within thirty (30) days from the service of this request, a statement specifying all of the following data as to each person whom that adverse party expects to call as an expert witness at trial:

A.  The identity of each expert;

B.  The subject matter on which each expert is expected to testify, disclosed in reasonable detail;

C.  The substance of the facts and opinions on which each expert is expected to testify;

D.  The qualifications of each expert; and

E.  A summary of the grounds for each expert's opinion.

**PLEASE TAKE FURTHER NOTICE** that we will object at trial to the offer of any proof of an expert's qualifications which are different from or additional to those which the adverse party calling the expert had disclosed in reference to sub-paragraph D.

## COLLATERAL SOURCE INFORMATION

Each plaintiff seeking to recover for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss is to serve, pursuant to CPLR 4545(c), within thirty (30) days from the service of this Demand, a statement of all past and future cost and expense which has been or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source such as insurance (except life insurance), social security, workers' compensation, or employee benefit programs. Each such statement is to set forth the name, address, and insurance policy (or other account) number of each collateral source payor; and, separately stated for each payor, a list specifying the date and amount of each payment and the name, address, and social security number or other taxpayer identification number of each payee.

## PRODUCTION OF MEDICAL REPORTS AND AUTHORIZATIONS

Each plaintiff is to serve upon and deliver to us within thirty (30) days from the service of this Demand:

Medical Reports and Bills:  Copies of the medical reports and bills of those health professionals who have previously treated or examined the plaintiff. Those reports shall include a detailed recital of the injuries and

conditions as to which testimony will be offered at the
trial, referring to and identifying those diagnostic tests
and technicians' reports which will be offered at the
trial.

Medical Authorizations:  Duly executed and
acknowledged written medical authorizations, complying with
the Health Insurance Portability and Accountability Act
("HIPAA"), 45 C.F.R. §164.508(a), (using attached form)
permitting all parties to obtain and make copies of the
records and notes including any intake sheets, diagnostic
tests, X-Rays, MRI's and cat scan films, of all treating
and examining hospitals, physicians and other medical
professionals.

### PRODUCTION OF RECORDS AND AUTHORIZATIONS

Each plaintiff is to serve upon and deliver to us
within thirty (30) days from the service of this demand
duly executed, fully addressed and acknowledged written
authorizations permitting all parties to obtain and make
copies of each of the following:

A.  All workers' compensation records and reports of
hearings pertaining to the incident alleged to have
occurred in plaintiff's complaint maintained by the
workers' compensation Board and workers' compensation
carrier.

B.  All records of present and past employment of plaintiff.

C.  All records in the no-fault file of any carrier issuing benefits to the plaintiff arising out of the incident alleged to have occurred in the complaint.

D.  All records of the Internal Revenue Service filed by the plaintiff for the calendar year prior to the date of the incident alleged in the complaint and for the two subsequent years. Please use IRS form 4506 and attach 2 copies of identification of the plaintiff, with photo and signature as required by the IRS.

E.  All records of schools attended by plaintiff.

F.  All records of each collateral source that has provided and/or in the future will be providing any payment or reimbursement for expenses incurred because of this incident.

### NAMES AND ADDRESSES OF ATTORNEYS

Each adverse party is to serve on us, within thirty (30) days from service of this Demand, the names and addresses of all attorneys having appeared in this action on behalf of any adverse party.

**PLEASE TAKE FURTHER NOTICE THAT THESE ARE CONTINUING DEMANDS,** and that each demand requires that an adverse party who acquires more than thirty (30) days from the

service of this demand any document, information, or thing
(including the opinion of any person whom the adverse party
expects to call as an expert witness at trial) which is
responsive to any of the above demands, is to give us
prompt written advice to that effect; and, within thirty
(30) days (but no less than sixty (60) days before trial),
is to serve all such information on us and allow us to
inspect, copy, test, and photograph each such document or
thing.

    **PLEASE TAKE FURTHER NOTICE** that we will object at
trial, and move to preclude as to any adverse party who
does not timely identify any witness, serve any report, or
produce any document, information, or thing which is
responsive to a discovery demand set forth in any of the
ensuing paragraphs:

    A.  From calling any event or notice witness not
identified to us or medical expert whose reports have not
been served on us;

    B.  From calling any other expert witness whose
identity, qualifications, and expected fact and opinion
testimony (together with a summary of the grounds for each
such opinion) have not been served on us;

    C.  From putting in evidence any exhibit not served on
us or produced for us to discover, inspect, copy, and

photograph in accordance with any of the ensuing

paragraphs; and

    D.  From offering any other proof not timely disclosed

pursuant to a court order in this action.

DATED: November 12, 2007
      White Plains, New York

                    Yours, etc.,

                    **EUSTACE & MARQUEZ**
                    Attorneys for Defendant
                    **CAROL SHERMAN**
                    Office and Post Office
                    Address
                    1311 Mamaroneck Avenue
                    3rd Floor
                    White Plains, New York  10605
                    (914) 989-6650

                    By:

                    Edward M. Eustace

To:

Jay S. Hausman & Associates, PC.
Attorneys for Plaintiff, Beriam Ortiz
280 North Central Avenue
Hartsdale, New York   10530

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, Pennsylvania   18612

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x      Index No.:  301887/07
BERIAM ORTIZ,

**DEMAND FOR VERIFIED**
**BILL OF PARTICULARS**

            Plaintiff

                    v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

            Defendants
------------------------------------x


**PLEASE TAKE NOTICE,** Defendant, CAROL SHERMAN, by her

attorneys, Eustace & Marquez, demands pursuant to CPLR

3041-3044, that each Plaintiff furnish, within thirty (30)

days of the date of this demand a **Verified** Bill of the

following particulars:

**A.   Liability Issues:**

1.   The legal name, address, date of birth and social

security number of each plaintiff,

2.   The date and approximate time of day of the

alleged accident.

3.   The location of the alleged accident.

4.        (a)  A statement of the acts or omissions

          constituting any negligence or other

          culpable conduct claimed against this

          defendant.

    (b)   If breach of warranty is alleged, state whether said warranty was:

       i.    expressed or implied;

       ii.   oral or written;

       iii. if written, set forth a copy thereof; and

       iv.  if oral, state by whom and to whom the alleged warranty was made, specifying the time, place and persons in sufficient detail to permit identification.

5.   If actual notice is claimed, a statement of when, by whom and to whom actual notice was given and whether such notice was in writing; also, if such notice was in writing, the statement is to include the name and address of anyone who has any copy of it.

6.   If constructive notice is claimed, a statement of how long any allegedly dangerous or defective condition existed before the occurrence and who has first-hand knowledge of any such facts.

7.   If any violation is claimed, a citation to each statute, ordinance, regulation, and other federal, state, or local rule which it is claimed that any defendant we represent has violated.

8.    If any prior similar occurrence is claimed, a statement of its date, approximate time of day and approximate location.

9.    If any subsequent repair or other remedial action is claimed, a statement of its date, approximate time of day, approximate location, who made such repair or took such other action and who has first-hand knowledge of either.

**B.    Damage Issues: Personal Injury:**

10.    A statement of the injuries claimed to have been sustained by plaintiff as a result of the accident and a description of any injuries claimed to be permanent.

11.    In any action under Ins. Law, $5104(a), for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, in what respect and to what extent any plaintiff has sustained:

    (a)    serious injury, as defined by Insurance Law, 5102(b);

    (b)    economic loss greater than basic economic loss, as defined by Insurance Law, 5102 (a).

12.    If plaintiff was treated at a hospital or hospitals, the name and address of each hospital and the exact dates of admission or treatment at each.

13.  The name and address of all medical professionals that treated or examined plaintiffs with regard to the injuries claimed, and the exact dates of treatment received from each.

14.  If loss of earnings is claimed, the name and address of plaintiff's employer, the nature of plaintiff's employment, and the exact dates that the plaintiff was incapacitated from employment.

15.  A statement of the exact dates that each plaintiff was:·

      (a)  hospitalized;

      (b)  confined to bed;

      (c)  confined to house;

16.  Total amounts each plaintiff claims as special damages for:

      (a)  physicians' services;

      (b)  medical supplies

      (c)  loss of earnings to date, with the name(s) and address(es) of plaintiff's employer(s);

      (d)  loss of earnings in the future, stating how the figure was calculated;

      (e)  hospital expenses;

      (f)  nurses' services;

      (g)  any other special damages claimed.

17.  If any plaintiff claims loss of services, a statement of all such losses claimed, including the nature and extent of the lost services and all special damages claimed.

18.  The name, address and amounts received from each collateral source that has paid or reimbursed plaintiff for any of the expenses incurred as a result of this accident.

DATED: November 12, 2007
       White Plains, New York


                              Yours, Etc.,
                              **EUSTACE & MARQUEZ**
                              Attorneys for Defendant
                              **CAROL SHERMAN**
                              Office and Post Office
                              Address
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York  10605
                              (914) 989-6650


                              By:
                              _____
                              Edward M. Eustace

To:

Jay S. Hausman & Associates, PC.
Attorneys for Plaintiff, Beriam Ortiz
280 North Central Avenue
Hartsdale, New York   10530

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, Pennsylvania   18612

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x          Index No.:  301887/07
BERIAM ORTIZ,

                    Plaintiff

                                               **AFFIDAVIT OF SERVICE**

                    v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

                    Defendants
------------------------------------x

STATE OF NEW YORK            )
                                ss.
COUNTY OF WESTCHESTER        )

Janet Salaycik-Formisano, being duly sworn, deposes and
says:
That I am over the age of eighteen years (18) and not a
party to this action.
That on November 12, 2007, I served upon:

Jay S. Hausman & Associates, PC.
Attorneys for Plaintiff, Beriam Ortiz
280 North Central Avenue
Hartsdale, New York  10530

Erin Kathleen Barlow
83 Maplewood Avenue
Dallas, Pennsylvania  18612

A true copy of the annexed **ANSWER TO COMPLAINT, NOTICE
PURSUANT TO CPLR 2103, DEMAND FOR VERIFIED BILL OF
PARTICULARS AND VARIOUS DISCOVERY DEMANDS** by depositing it
endorsed in a postpaid properly addressed wrapper, in a
post office or, official depository under the exclusive
care and custody of the United States Postal Service within

the State of New York, at the address designated by him or
her upon the last paper served by him or her in the action.

DATED: November 12, 2007
       White Plains, New York


                                    Janet Salaycik-Formisano


' Sworn and subscribed
  Before me on November 12, 2007


ARLENE R. KELLY
Notary Public State of New York
No. 01KE6049180
Qualified in Rockland County
Comm. Exp. Expires 10/10/10

Index No.:  301887/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

BERIAM ORTIZ,

    Plaintiff

   against

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT, CORP. AND
CAROL SHERMAN,

    Defendants

---

**ANSWER TO COMPLAINT, NOTICE PURSUANT TO CPLR 2103, DEMAND
FOR VERIFIED BILL OF PARTICULARS AND VARIOUS DISCOVERY
DEMANDS**

---

EUSTACE & MARQUEZ
Attorneys for Defendant
**Carol Sherman**
Office and Post Office Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650

Exhibit D

01/04/2008 09:52 FAX 19085BDC906 JUDGE CHIN'S CHAMBER ☒ 002/003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
BERIAM ORTIZ,

                    Plaintiff,

        -against-

ERIN KATHLEEN BARLOW, TOYOTA
MOTOR CREDIT, CORP. and CAROL
SHERMAN,

                    Defendants.
----------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/4/2008

**STIPULATION OF DISCONTINUANCE
AGAINST TOYOTA MOTOR CREDIT
CORP. ONLY**

Docket No.  07 CV 10365

MEMO ENDORSED

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, that the action against the defendant TOYOTA MOTOR CREDIT CORP. **ONLY** is hereby discontinued, without prejudice and without costs to any party, and that this stipulation may be filed with the Clerk of the Court without further notice.

JAY S. HAUSMAN & ASSOCIATES, P.C.
Attorney for the Plaintiff
280 North Central Avenue, Suite 40
Hartsdale, New York 10530
(914)946-3344

LONDON FISCHER, LLP
Attorneys for Defendant Toyota
59 Maiden Lane
New York, New York 10038
By: Hae Jin Shim (HS 3297)

SO ORDERED.

USDJ
1/3/08

H:\Ortiz, Beriam\stipdisc.ltr.wpd

ANTHONY D. PERRI, ESQ.
Attorney for Defendant Barlow
17 State Street, 25th Floor
New York, New York 10004
File No: 2007-11191/ADP

SO ORDERED:

_____

U.S.D.J.

EUSTACE & MARQUEZ
Attorney for Defendant Sherman
1311 Mamaroneck Avenue, 3rd Flr
White Plains, New York 10605
(914)989-6650

by J. MARQUEZ (3623)

H:\Ortiz, Beriam\stipdisc.ltr.wpd

# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BERIAM ORTIZ,

              Plaintiff,

        -against-

ERIN KATHLEEN BARLOW, TOYOTA
MOTOR CREDIT CORP., and CAROL
SHERMAN,

              Defendants.
-------------------------------------------------------X

**AFFIDAVIT IN SUPPORT**

07-CV-10365

BERIAM ORTIZ, having been duly sworn, deposes and says:

1.    I am the plaintiff in the above captioned action.

2.    I make this Affidavit in support of the within application for partial summary judgment, determining issues of liability in my favor, and against the defendant, ERIN KATHLEEN BARLOW.

3.    On April 20, 2007, at about 5:00 p.m., I was operating a 2003 Volkswagon four door sedan on Bruckner Boulevard at its intersection with East Tremont Avenue, in the Bronx, New York, when I was struck from behind by a red Ford Explorer, which I later discovered was operated by ERIN KATHLEEN BARLOW.

4.    At the time of the latter contact, I was traveling in moderate traffic. As a result of being struck in the rear by defendant BARLOW's vehicle, I was pushed forward into a Lexus motor vehicle, which I later learned was operated by the defendant CAROL SHERMAN.

5.    After the accident, ERIN KATHLEEN BARLOW approached my vehicle. She apologized for the accident, and admitted that she was reading a map while driving, which caused the contact.

BERIAM ORTIZ

Sworn to before me this
18th day of April, 2008

NOTARY PUBLIC

JAY S. HAUSMAN
Notary Public, State of New York
No. 002HA5011781
Qualified in New York County
Commission Expires Dec. 10, 2009

Exhibit F

# POLICE ACCIDENT REPORT (NYC)

New York State Department of Motor Vehicles
MV-104AN (7/01)

Page 1 of 2 Pages

Precinct 045

Accident No. 1014    Complaint Number

☐ AMENDED REPORT

292 0327

| Accident Date | | | Day of Week | Military Time | No. of Vehicles | No. Injured | No. Killed | Not Investigated at Scene ☐ | Left Scene | Police Photos |
|---|---|---|---|---|---|---|---|---|---|---|
| Month 04 | Day 28 | Year 2007 | FRI | 1700 | 3 | 1 | 0 | Accident Reconstructed ☐ | ☐ | ☐ Yes ☒ No |

☒ VEHICLE 2   ☐ BICYCLIST   ☐ PEDESTRIAN   ☐ OTHER PEDESTRIAN

| VEHICLE 1 - Driver License ID Number 21 828 176 | State of Lic. PA | VEHICLE 2 - Driver License ID Number 154177800 | State of Lic. CT |
|---|---|---|---|
| Driver Name - exactly as printed on license Erin Kathleen Barlow | | Driver Name - exactly as printed on license Sherman, Carol, S. | |
| Address (Include Number & Street) 83 Maplewood Ave | Apt. No. | Address (Include Number & Street) 169 Ocean Dr W | Apt. No. |
| City or Town Dallas | State PA | Zip Code 18612 | City or Town Stamford | State CT | Zip Code 06902 |

| Date of Birth 09 03 69 | Sex F | Unlicensed ☐ | No. of Occupants 1 | Public Property Damaged ☐ | Date of Birth Month 03 Day 18 Year 47 | Sex F | Unlicensed ☐ | No. of Occupants 2 | Public Property Damaged ☐ |

| Name - exactly as printed on registration Erin K Barlow | Sex | Date of Birth Month Day Year | Name - exactly as printed on registration Toyota Motor Credit Corp | Sex | Date of Birth Month Day Year |
|---|---|---|---|---|---|
| Address (Include Number & Street) 83 Maplewood Ave | Apt. No. | Haz. Mat Code | Released ☐ | Address (Include Number & Street) Box 105386 | Apt. No. | Haz. Mat Code | Released ☐ |
| City or Town Dallas | State PA | Zip Code 18612 | City or Town Atlanta | State GA | Zip Code 30848 |

| Plate Number EVK2109 | State of Reg. PA | Vehicle Year & Make 2003 Ford | Vehicle Type Subn | Ins. Code 25768 | Plate Number 407U3L | State of Reg. CT | Vehicle Year & Make 2006 Lexus | Vehicle Type Subn | Ins. Code G0021 |

| Ticket/Arrest Number(s) N/A | Ticket/Arrest Number(s) N/A |
| Violation Section(s) N/A | Violation Section(s) N/A |

Check if involved vehicle is:
☐ more than 95 inches wide;
☐ more than 34 feet long;
☐ operated with an overweight permit.
☐ operated with an overdimension permit.

Check if involved vehicles is:
☐ more than 95 inches wide;
☐ more than 34 feet long;
☐ operated with an overweight permit;
☐ operated with an overdimension permit.

Circle the diagram below that describes the accident, or draw your own diagram in space #9. Number the vehicles.

| | Left Turn | Right Angle | Right Turn | Head On |
|---|---|---|---|---|
| 1. Rear End | 2. | 3. | 4. | 5. |
| Overtaking | Left Turn | | Right Turn | Sideswipe |
| 6. | 7. | | 8. | |

ACCIDENT DIAGRAM

**VEHICLE 1 DAMAGE CODES**
Box 1 - Point of Impact: 1, 2
Box 2 - Most Damage: 7
Enter up to three more Damage Codes: 3, 4, 5

Vehicle Towed By Universe
To 825 Givan Ave

**VEHICLE 2 DAMAGE CODES**
Box 1 - Point of Impact: 1, 8
Box 2 - Most Damage: 7
Enter up to three more Damage Codes: 8, 4, 5

Vehicle Towed By N/A
To

VEHICLE DAMAGE CODING:
1-13. SEE DIAGRAM ON RIGHT.
14. UNDERCARRIAGE
15. TRAILER
16. OVERTURNED
17. DEMOLISHED
18. NO DAMAGE
19. OTHER

(1)

9.

Cost of repairs to any one vehicle will be more than $1000.
☐ Unknown/Unable to Determine   ☐ Yes   ☐ No

| Reference Marker | Coordinates (if available) | Place Where Accident Occurred: ☐ BRONX ☐ KINGS ☐ NEW YORK ☐ QUEENS ☐ RICHMOND |
|---|---|---|
| | Latitude/Northing | Road on which accident occurred Bruckner Blvd. (Route Number or Street Name) |
| | Longitude/Easting | at 1) intersecting street East Tremont Ave (Route Number or Street Name) |
| | | or 2) ☐ N ☐ S ☐ E ☐ W of ____ (Milepost, Nearest Intersecting Route Number or Street Name) |
| | | Feet Miles |

Accident Description/Officer's Notes At T/P/O vehicle 1 states she was driving straight when she looked down of her map. When she looked back at the road, she was unable to avoid hitting vehicle 3 from behind. Vehicle 2 states she was driving straight when she was struck from behind by vehicle 3. Vehicle 3 states she was driving straight by vehicle when she was struck from behind by vehicle 1 and pushed into the rear of vehicle 2. Driver of vehicle #3 taken to Jacobi. ACE#8363J9.

| | B | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | BY | TO | 18 | Names of all Involved | Date of Death Only |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | 1 | 2 | | | | F | 1 | 4 | 6 | — | | | | Erin Kathleen Barlow | — |
| B | 2 | 1 | 2 | | | | F | — | 13 | 6 | — | | | | Sherman, Carol S | — |
| C | 2 | 3 | 2 | | 49 | | F | — | 13 | 6 | — | | | | Levine, Rachelle, M | — |
| D | 3 | | 2 | | | | F | | | | | Jacobi | | | Ortiz, Beriam, Y | — |
| E | | | | | | | | | | | | | | | | |
| F | | | | | | | | | | | | | | | | |

| Officer's Rank and Signature | Tax ID No. 936591 | NCIC No. 03030 | Precinct 045 | Post/Sector C | Reviewing Officer | Date/Time Reviewed 04/22/07 1808 |
|---|---|---|---|---|---|---|
| Print Name in Full Vazquez, M | | | | | | |

New York State Department of Motor Vehicles

# POLICE ACCIDENT REPORT (NYC)
### MV-104AN (7/01)

Page **2** of **2** Pages

Precinct **454**

Accident No. **1014**

Complaint Number

☐ **AMENDED REPORT**

| Accident Date | | | Day of Week | Military Time | No. of Vehicles | No. Injured | No. Killed | Not Investigated at Scene ☐ | Left Scene | Police Photos |
|---|---|---|---|---|---|---|---|---|---|---|
| Month **04** | Day **20** | Year **2007** | Friday | **1700** | **2** | | | Accident Reconstructed ☐ | ☐ | ☐ Yes ☒ No |

☐ VEHICLE 2   ☐ BICYCLIST   ☐ PEDESTRIAN   ☐ OTHER PEDESTRIAN

### VEHICLE 1

| VEHICLE 1 - Driver Licence ID Number **223 232 419** | State of Lic. **NY** | VEHICLE 2 - Driver License ID Number | State of Lic. |
|---|---|---|---|

Driver Name-exactly as printed on license **Ortiz, Beriam, Y**

Driver Name - exactly as printed on license

Address (Include Number & Street) **323 E Gunhill RD** Apt. No. **6D**

Address (Include Number & Street) Apt. No.

| City or Town **Bronx** | State **NY** | Zip Code **10467** | City or Town | State | Zip Code |
|---|---|---|---|---|---|

| Date of Birth Month **05** Day **08** Year **81** | Sex **F** | Unlicensed ☐ | No. of Occupants | Public Property Damaged ☐ | Date of Birth Month Day Year | Sex | Unlicensed ☐ | No. of Occupants | Public Property Damaged ☐ |
|---|---|---|---|---|---|---|---|---|---|

Name-exactly as printed on registration **Ortiz, Beriam, Y**   Sex | Date of Birth Month Day Year |

Name-exactly as printed on registration   Sex | Date of Birth Month Day Year |

Address (Include Number & Street) **323 E Gunhill RD** Apt. No. **6D** Haz. Mat. Code ☐ Released ☐

Address (Include Number & Street) Apt. No. Haz. Mat. Code ☐ Released ☐

| City or Town **Bronx** | State **NY** | Zip Code **10467** | City or Town | State | Zip Code |
|---|---|---|---|---|---|

| Plate Number **DKX8977** | State of Reg. **NY** | Vehicle Year & Make **2005 Volkswagen 4DSD** | Vehicle Type | Ins. Code **H04** | Plate Number | State of Reg. | Vehicle Year & Make | Vehicle Type | Ins. Code |
|---|---|---|---|---|---|---|---|---|---|

Ticket/Arrest Number(s) **Ø**

Ticket/Arrest Number(s)

Violation Section(s) **Ø**

Violation Section(s)

| Check if involved vehicle is: ☐ more than 95 inches wide; ☐ more than 34 feet long; ☐ operated with an overweight permit; ☐ operated with an overdimension permit. | Check if involved vehicle is: ☐ more than 95 inches wide; ☐ more than 34 feet long; ☐ operated with an overweight permit; ☐ operated with an overdimension permit. | Circle the diagram below that describes the accident, or draw your own diagram in space #9. Number the vehicles. |
|---|---|---|

V E H I C L E

**VEHICLE 1 DAMAGE CODES**

| Box 1 - Point of Impact | 1 | 2 |
| Box 2 - Most Damage | | |
| Enter up to three more Damage Codes | 3 | 4 | 5 |

Vehicle Towed: By **Universe** To **1625 Lyon Ave**

**VEHICLE 2 DAMAGE CODES**

| Box 1 - Point of Impact | 1 | 2 |
| Box 2 - Most Damage | | |
| Enter up to three more Damage Codes | 3 | 4 | 5 |

Vehicle Towed: By To

VEHICLE DAMAGE CODING:

1-13. SEE DIAGRAM ON RIGHT.

14. UNDERCARRIAGE   17. DEMOLISHED
15. TRAILER   18. NO DAMAGE
16. OVERTURNED   19. OTHER

ACCIDENT DIAGRAM

| Box End | Left Turn | Right Angle | Right Turn | Head On |
|---|---|---|---|---|
| Overtaking | Left Turn | | Right Turn | Sideswipe |

Cost of repairs to any one vehicle will be more than $1000.
☐ Unknown/Unable to Determine   ☒ Yes   ☐ No

| Reference Marker | Coordinates (if available) | Place Where Accident Occurred: ☒ BRONX ☐ KINGS ☐ NEW YORK ☐ QUEENS ☐ RICHMOND |
|---|---|---|

Latitude/Northing **9 5**

Longitude/Easting **1 0 6 0**

Road on which accident occurred _____ (Route Number or Street Name)

at 1) intersecting street _____ (Route Number or Street Name)

or 2) ☐ N ☐ S ☐ E ☐ W of _____ Feet  Miles (Milepost, Nearest Intersecting Route Number or Street Name)

Accident Description/Officer's Notes

**See Page 1**

| | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | BY | TO | 18 | Names of all involved | Date of Death Only |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | | | | | | | | | | | | | | | |
| B | | | | | | | | | | | | | | | |
| C | | | | | | | | | | | | | | | |
| D | | | | | | | | | | | | | | | |
| E | | | | | | | | | | | | | | | |

| Officer's Rank and Signature | Tax ID No. **937681** | NCIC No. **03030** | Precinct **045** | Post/Sector **E** | Reviewing Officer | Date/Time Reviewed |
|---|---|---|---|---|---|---|
| Print Name in Full **Vazquez** | | | | | | |

GUNS KILLED UN INVOLVED ...

| nst Name | First | M.I. | D  Last Name | First | M.I. |
|----------|-------|------|--------------|-------|------|
| | | | Ortiz, | Berlan Y | |

ess                                                  Address
                                                     323 Gun Hill Rd  BX, NY 10467

| of Birth | | | Telephone (Area Code) | Date of Birth | | | Telephone (Area Code) |
| Month | Day | Year | ( ) | Month 03 | Day 05 | Year 1951 | ( ) |

| st Name | First | M.I. | E  Last Name | First | M.I. |

ss                                                   Address

| of Birth | | | Telephone (Area Code) | Date of Birth | | | Telephone (Area Code) |
| Month | Day | Year | ( ) | Month | Day | Year | ( ) |

| st Name | First | M.I. | Highway Dist. at Scene?  ☐ Yes  ☒ No |
| | | | Name: |

ss

                                                     Shield No.

| of Birth | | | Telephone (Area Code) |
| Month | Day | Year | ( ) |

**TER INSURANCE POLICY NUMBER FROM INSURANCE IDENTIFICATION CARD, EXPIRATION DATE (IN ALL CASES), AND VIN.**

hicle No. 1  6108222 81C              Vehicle No.2  1117405-01.

piration Date  6/16/07.              Expiration Date  11/17/07

N  1FMZU73K03ZB54267.              VIN  JTJHW31U260040929

**TNESS (Attach separate sheet, if necessary)**

| ne | Address | Phone |
|----|---------|-------|
| | | |

**PLICATE COPY REQUIRED FOR:**

Dept. of Motor Vehicles             ☐ Motor Transport Division       ☐ NYC Taxi & Limousine Comm.  ☐ Other City Agency
(if anyone is killed/injured)           (P.D. vehicle involved)           (if a Licensed taxi or limousine      (Specify)
                                                                          involved)
Office of Comptroller               ☐ Personnel Safety Unit          ☐ Highway Unit
(if a City vehicle involved)            (if a P.D. vehicle involved)

**TIFICATIONS:**  (Enter name, address, and relationship of friend or relative notified. If aided person is unidentified, list Missing Person Squad member who
is notified. In either case, give date and time of notification.)

**ROPERTY DAMAGED (other than vehicles)**     |  **OWNER OF PROPERTY (include city agency, where applicable)**

**NYPD VEHICLE IS INVOLVED:**

| lice Vehicle Operator's First Name | Last Name | Rank | Shield No. | Tax ID. No. | Command |
|-----------------------------------|-----------|------|-----------|-------------|---------|
| lake of Vehicle | Year | Type of Vehicle | Plate No. | Dept. Vehicle No. | Assigned To What Command |

quipment in Use At Time of Accident
    ☐ Siren    ☐ Horn    ☐ Turret Light    ☐ 4-Way Flasher    ☐ High-Level Warning Lights    ☐ Traffic Cones    ☐ Headlights

**CTIONS OF POLICE VEHICLE**

☐ Responding to Code Signal _____        ☐ Complying with Station House Directive
☐ Pursuing Violator                       ☐ Routine Patrol
☐ Other (Describe) _____

PD244 (7/01)

SONS POLLED OR INVOLVED IN ACCIDENT

| | First | M.I. | D Last Name | | First | M.I. |
|---|---|---|---|---|---|---|
| st Name | | | | | | |
| ess | | | Address | | | |

| of Birth | | | Telephone (Area Code) | Date of Birth | | | Telephone (Area Code) |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | ( ) | Month | Day | Year | ( ) |

| st Name | First | M.I. | E Last Name | | First | M.I. |
|---|---|---|---|---|---|---|
| ess | | | Address | | | |

| of Birth | | | Telephone (Area Code) | Date of Birth | | | Telephone (Area Code) |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | ( ) | Month | Day | Year | ( ) |

| st Name | First | M.I. | Highway Dist. or Scene? ☐ Yes ☐ No |
|---|---|---|---|
| ess | | | Name: |

| of Birth | | | Telephone (Area Code) | Shield No. |
|---|---|---|---|---|
| Month | Day | Year | ( ) | |

TER INSURANCE POLICY NUMBER FROM INSURANCE IDENTIFICATION CARD, EXPIRATION DATE (IN ALL CASES), AND VIN.

icle No. 1  PHS-0149-5290-2-B                Vehicle No.2 _____

iration Date   05/04/08                      Expiration Date _____

: 3VWSK69M53M001400                          VIN _____

TNESS (Attach separate sheet, if necessary)

| ne | Address | Phone |
|---|---|---|
| | | |

IPLICATE COPY REQUIRED FOR:

☐ Dept. of Motor Vehicles (if anyone is killed/injured)
☐ Motor Transport Division (P.D. vehicle involved)
☐ NYC Taxi & Limousine Comm. (if a Licensed taxi or limousine involved)
☐ Other City Agency (Specify)

☐ Office of Comptroller (if a City vehicle involved)
☐ Personnel Safety Unit (if a P.D. vehicle involved)
☐ Highway Unit _____

OTIFICATIONS:   (Enter name, address, and relationship of friend or relative notified. If aided person is unidentified, list Missing Person Squad member who s notified. In either case, give date and time of notification.)

ROPERTY DAMAGED (other than vehicles) | OWNER OF PROPERTY (include city agency, where applicable)

NYPD VEHICLE IS INVOLVED:

| lice Vehicle—Operator's First Name | Last Name | Rank | Shield No. | Tax ID. No. | Command |
|---|---|---|---|---|---|
| | | | | | |

| ake of Vehicle | Year | Type of Vehicle | Plate No. | Dept. Vehicle No. | Assigned To What Command |
|---|---|---|---|---|---|
| | | | | | |

quipment In Use At Time of Accident

☐ Siren   ☐ Horn   ☐ Turret Light   ☐ 4-Way Flasher   ☐ High-Level Warning Lights   ☐ Traffic Cones   ☐ Headlights

CTIONS OF POLICE VEHICLE

☐ Responding to Code Signal _____
☐ Pursuing Violator
☐ Other (Describe) _____

☐ Complying with Station House Directive
☐ Routine Patrol

PD468B (7/01)

<u>CERTIFICATE OF SERVICE</u>

     I certify that I mailed a copy of Plaintiff's Notice of Motion, Statement of Uncontested Material Facts and Memorandum of Law by U.S. Mail, to EUSTACE & MARQUEZ, 1311 Mamaroneck Avenue, 3rd Floor, White Plains, New York, 10605 , attorney in charge for Defendant SHERMAN and to ANTHONY D. PERRI, ESQ., 17 State Street, 25th Floor, New York, New York 10004, attorney in charge for Defendant BARLOW, on April 21, 2008.

                    ELIZABETH M. PENDZICK