UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BERIAM ORTIZ,
        Plaintiff,

   -against-                           07-CV-10365

ERIN KATHLEEN BARLOW, TOYOTA
MOTOR CREDIT CORP., and CAROL
SHERMAN,
        Defendants.
------------------------------------------------------------X

# MEMORANDUM OF LAW

## **PRELIMINARY STATEMENT**

This personal injury action stems from a three vehicle accident that occurred on April 20, 2007, at approximately 5:00 p.m., on Bruckner Boulevard at or near its intersection with East Tremont Avenue, Bronx, New York. This action was commenced in the Supreme Court, Bronx County. (Exhibits "A" & "B"). It was removed to federal court on grounds of complete diversity of citizenship. (Exhibit "C"). The action against Toyota Motor Credit Corporation was discontinued. (Exhibit "D").

On April 11, 2008, a conference was held before the Honorable Denny Chin. At that conference, permission was granted to initiate the within motion practice.

## **ISSUE**

Whether the plaintiff, who was traveling straight on Bruckner Boulevard when she was hit in the rear by the vehicle operated by defendant Erin Kathleen Barlow, is entitled to partial summary judgment against defendant Barlow, determining issues of liability in her favor.

It is respectfully submitted that this question should be answered in the affirmative.

## **FACTS**

On April 20, 2007, at about 5:00 p.m., the plaintiff was operating a 2003 Volkswagon four door sedan and traveling on Bruckner Boulevard, in the Bronx, New York. (Exhibit "E"). At or near the intersection of Bruckner Boulevard and East Tremont Avenue, the plaintiff was struck from behind by a Ford Explorer, which she later discovered was operated by Erin Kathleen Barlow. (Exhibit "E").

At the time of the latter contact, the plaintiff was traveling in slowing traffic. (Exhibit "E"). As a result of being struck in the rear by defendant Barlow's motor vehicle, the plaintiff

was pushed forward into a Lexus motor vehicle, operated by the defendant Carol Sherman. When the vehicles came to a rest, defendant Barlow approached the plaintiff's vehicle. She apologized for the accident, and admitted that her conduct was its cause. Specifically, Defendant Barlow admitted to the responding police officer, and to the plaintiff, that she looked down at her map, and by the time she looked back at the road, she was unable to avoid hitting the plaintiff's vehicle. (Exhibits "E" & "F").

## ARGUMENT

Summary judgment is appropriate where there are no genuine issues about any material fact and the movant is entitled to judgment as a matter of law. See FRCP 56. Here, the plaintiff was hit in the rear of her motor vehicle, and pushed into the rear of the vehicle in front of her. This factual scenario creates a presumption of negligence on the part of the following vehicle, and absent a non-negligent explanation for the occurrence, the plaintiff is entitled to summary judgment as a matter of law.

Under New York law, when a driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle. *See* Power v. Hupert, 260 A.D.2d 458, 688 N.Y.S.2d 194 (2d Dep't 1999). Vehicle and Traffic Law § 1129(a) requires a driver to maintain a safe distance between vehicles: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." The failure to do so constitutes negligence as a matter of law in the absence of a non-negligent explanation. *See* Lifshits v. Variety Poly Bags, 278 A.D.2d 372, 717 N.Y.S.2d 630 (2d Dep't 2000); Hernandez v. Burkitt, 271 A.D.2d 648, 706 N.Y.S.2d 456 (2d Dep't 2000); Aromondo v.

City of New York, 202 A.D.2d 617, 609 N.Y.S.2d 637 (2d Dep't 1994). "[D]rivers have a 'duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident'." Johnson v. Phillips, 261 A.D.2d 269, 271, 690 N.Y.S.2d 545 (1st Dep't 1999), *quoting* DeAngelis v. Kirschner, 171 A.D.2d 593, 567 N.Y.S.2d 457 (1st Dep't 1991). Defendant Barlow failed to abide by the foregoing.

Defendant Barlow contacted the vehicle of plaintiff Beriam Ortiz while Ms. Ortiz's vehicle was traveling straight on Bruckner Boulevard. Ms. Barlow took her eyes off of the roadway to read a map, and in doing so, failed to maintain a reasonable distance between her vehicle and that of the plaintiff. She made contact with the plaintiff's vehicle and pushed plaintiff's vehicle into that of defendant Sherman. It is submitted that defendant Barlow does not have a non-negligent explanation for the happening of this accident, and the plaintiff should thus be awarded judgment on liability as a matter of law.

## CONCLUSION

For all the foregoing reasons, the plaintiff's motion should be granted by this Honorable Court.

Respectfully submitted,
JAY S. HAUSMAN & ASSOCIATES, P.C.

By: _____
ELIZABETH M. PENDZICK
280 North Central Avenue, Suite 40
Hartsdale, New York 10530
(914)946-3344