UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * X

| | |
|---|---|
| BERIAM ORTIZ | AFFIRMATION IN OPPOSITION |
| Plaintiff(s) | 07-CV-10365 |
| - against - | |
| ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT., AND CAROL SHERMAN | Honorable Judge |
| Defendant(s) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * X

LORETTA J. HOTTINGER, an attorney duly licensed to practice law in the Courts of the State of New York, hereby affirms under the penalties of perjury as follows:

That your Affirmant is associated with NEIL KANZER, ESQ., the attorney for the Defendant, ERIN KATHALEEN BARLOW, in the above entitled action, and as such, is fully familiar with all the facts and circumstances of this action.

That this Affirmation is based upon information and belief, the basis of which are records and documents contained in a file maintained by our office.

Your Affirmant submits this affirmation in opposition to plaintiff's Motion to SUMMARY JUDGMENT AS TO LIABILITY and for such other and further relief as to this Court may seem just and proper. Plaintiff's motion should be denied in its entirety based upon the following:

The argument of plaintiff, Beriam Ortiz, is that this accident occurred totally due to the actions of the defendant, Erin Kathleen Barlow, in the operation of her vehicle but fails to point to actions of the plaintiff that may have contributed to this accident.

According to defendant Barlow (her affidavit is annexed as Exhibit A) she first observed the plaintiff's sedan in the lane to the right of the Barlow vehicle with the female operator of the sedan hanging her bare foot out the driver's window.  Ms. Barlow is traveling in the left hand lane of Bruckner Boulevard two ( 2) – three (3) car lengths from an SUV in front of her.  She momentarily takes her eyes off the roadway.  After the impact between the Barlow vehicle and another vehicle, Barlow realizes that the sedan that had been in the right lane is now between her SUV and the SUV that had been traveling in front of her. It appeared that Ortiz had attempted to change lanes.

Under New York Law, an operator of a motor vehicle must not make a lane change unless if can be done in a safe manner.   Vehicle and Traffic Law 1128 (a)  states that on a roadway with marked lanes "(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

This statement by Barlow raises significant issues of fact as to the cause of this accident involving three (3) vehicles.

The actions of each driver prior to the happening of the accident should be allowed to be examined before there is a decision as a matter of law as to the liability of any party.  Although the court may seek to expedite the resolution of this case prior to discovery, the conflicting versions of this accident as set forth by the affidavits of Beriam Ortiz and Erin Barlow would militate that the parties be allowed to conduct disclosure.  Further the actions of the vehicle in front of the plaintiff's vehicle that of co-defendant, Carol Sherman, has not been explored at this time.   Depositions of all three (3) parties should be conducted for motion practice is considered.

This issue of discovery needed prior to the decision on a motion for summary judgment was addressed in <u>Korson v. Preferred Mutual Insurance Company</u>, 39 AD 3d 483, 833 NYS2d 580 (2d Dept, 2007). "Even if plaintiffs made a sufficient showing to establish his entitlement to judgment as matter of law, however, the Supreme Court correctly concluded that the defendant was entitled to the opportunity to conduct discovery before summary judgment could be granted to the plaintiff, particularly since the defendant did not have reasonable opportunity to disclosure prior to the making of the motion…."

The actions of each motorist and the credibility of each version also would remove this case from consideration as to the issue of liability to be established as a matter of law. It is respectfully submitted that it is improper to resolve issues of credibility on a motion for summary judgment. The opponent of the motion is entitled to all favorable inferences. <u>Consolidated Edison Company of New York, Inc. v Jet Asphalt Corp.,</u> 132 AD 2d 296, 522 NYS 2d 124 (1st Dept., 1987.)

Additionally, the evaluation of competing evidence falls within the province of the trier of fact at trial, but is beyond that of the Court on a motion for summary judgment. <u>Mercafe Clearing, Inc., v Chemical Bank,</u> 216 AD 2d 231, 628 NYS 2d 700 (1st Dept, 1995).

Also, negligence cases by their very nature do not generally lend themselves to summary judgment. <u>Rivers v Atomic Exterminating Corp.,</u> 210 AD 2d 134, 621 NYS 2d 282. Further the respective negligence of the parties is a factual question for the jury. <u>Rocklin v. Beigert</u>, 224 AD2d 605, 639 NYS2d 417 (2d Dept, 1996) (citing <u>Perla v. New York Daily News</u>, 123 AD2d 349, 506 NYS2d 361.)

Clearly there are issues as to the action of the plaintiff's operation of her vehicle prior to the happening of this accident to reserve the decision of liability to a jury, not as a matter of law.

Further the record is silent at this point as to the actions of the co-defendant and what were the sequence of contacts of the three (3) vehicles.

WHEREFORE, your Affirmant respectfully prays that this Court deny plaintiff's motion for summary judgment and for such other and further relief as to this Court may seem just and proper.

Dated:   New York, New York
         May 5, 2008

                                                    _____
                                                    LORETTA J. HOTTINGER, ESQ. (4841)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK         )
                                       ) SS:
COUNTY OF NEW YORK    )

MARY DURNIN, being duly sworn, deposes and says:

      Deponent is not a party to this action, is over the age of 18 years and resides at Metuchen, NJ.

      That on the 8th day of May, 2008, Deponent served the within AFFIRMATION IN OPPOSITION, upon:

JAY S. HAUSMAN & ASSOCIATES P.C.
280 North Central Avenue - Suite 40
Hartsdale, New York   10530

EUSTACE & MARQUEZ
1311 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10605

the address designated by said attorney for that purpose, by depositing a true copy of same, enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                                            MARY DURNIN

Sworn to before me this
8th day of May, 2008

_____
NOTARY PUBLIC

Index #:07 CV 10365
HONORABLE
Justice

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * X
BERIAM ORTIZ
                                        Plaintiff(s)

        - against -

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT AND CAROL SHERMAN
                                        Defendant(s)
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * X

---

## AFFIMATION IN OPPOSITION

---

NEIL KANZER, ESQ
Attorney for Defendants
ERIN KATHLEEN BARLOW
Office & Post Office Address
17 State Street, 25th Floor
New York, New York 10004
(212) 809-4800
File No.: 2007-11191/LJH

- 2 -

Index #:07 CV 10365
HONORABLE
Justice

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* X
BERIAM ORTIZ
                                          Plaintiff(s)
        - against -

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT AND CAROL SHERMAN
                                          Defendant(s)
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* X

---

## STATEMENT OF UNCONVERTED FACTS

---

NEIL KANZER, ESQ
Attorney for Defendants
ERIN KATHLEEN BARLOW
Office & Post Office Address
17 State Street, 25th Floor
New York, New York 10004
(212) 809-4800
File No.:  2007-11191/LJH

- 2 -

- 2 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* X

| | |
|---|---|
| BERIAM ORTIZ | STATEMENT OF UNCONVERTED FACTS (defendant Barlow) |
| Plaintiff(s) | Docket No.: 07 CV 10365 |
| - against - | |
| ERIN KATHALEEN BARLOW, TOYOTA MOTOR CREDIT., AND CAROL SHERMAN | Honorable Judge |
| Defendant(s) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* X

Pursuant to Local Rule 56.1, the defendant BARLOW submits the following statement of uncontested material facts:

1. The defendant Barlow agrees with No.1 submitted by plaintiff Ortiz as to the date and location of the accident.

2. The defendant Barlow agrees with No.2 submitted by plaintiff Ortiz that the vehicle of defendant Barlow was in contact with the rear of the vehicle of the plaintiff.

3. The defendant Barlow disputes No. 3 and 4 of plaintiff's Statement of Uncontested facts as set forth in Exhibit A, the affidavit of Erin Kathleen Barlow.

4. Although Ms. Barlow admits that she glanced to a retrieve a map, the "unavoidable" nature of the accident may be ascribed to the actions of the either the plaintiff or the SUV that in was front of the plaintiff. See Exhibit A.

5. Further, Ms. Barlow is unaware as to the sequence of the contacts between the three vehicles involved in this accident. See Exhibit A.

                                               LORETTA J.HOTTINGER (4841)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       )   SS:
COUNTY OF NEW YORK     )

MARY DURNIN, being duly sworn, deposes and says:

    Deponent is not a party to this action, is over the age of 18 years and resides at Metuchen, NJ.

    That on the 8th day of May, 2008, Deponent served the within STATEMENT OF UNCONVERTED FACTS, upon:

JAY S. HAUSMAN & ASSOCIATES P.C.
280 North Central Avenue - Suite 40
Hartsdale, New York   10530

EUSTACE & MARQUEZ
1311 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10605

the address designated by said attorney for that purpose, by depositing a true copy of same, enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                            MARY DURNIN

Sworn to before me this
8th day of May, 2008

NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* X

| | | |
|---|---|---|
| BERIAM ORTIZ | | AFFIDAVIT |
| | Plaintiff(s) | Docket No.: 07 CV 10365 |
| - against - | | |
| ERIN KATHALEEN BARLOW, TOYOTA MOTOR CREDIT., AND CAROL SHERMAN | | Honorable Judge |
| | Defendant(s) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* X

STATE OF PENNSYLVANIA    )
                                              )    SS:
COUNTY OF LUZERNE       )

    ERIN KATHLEEN BARLOW, being duly sworn, deposes and says:

    I am a defendant in the above action.

    This is an action for personal injury brought by plaintiff Beriam Y. Ortiz as the result of a multiple vehicle accident.

    The motor vehicle accident occurred on April 20, 2007 on Bruckner Boulevard and East Tremont, County of Bronx, State of New York.

    This affidavit is made in opposition to plaintiff's motion for summary judgment on liability only.

    I had been operating my 2003 Ford SUV for several miles before this accident in the left hand lane. Within 5 seconds before the accident I was traveling 2-3 car lengths behind another SUV.

    Within seconds before the accident, I glanced to my right to retrieve a map that I had on the passenger's seat. At that time I observed a white or light colored sedan traveling beside me

in the middle lane of traffic. I noticed that the driver's side window was open and the female driver's bare foot was sticking out the open window.

Upon looking back to the front, my vision was immediately obscured by the gas and dust from the activation of my driver's airbag.

After the accident when I got out of my SUV, I realized the accident involved 3 vehicles - the SUV that I had been following in the left lane before the accident, my vehicle also in the left lane and the white or light colored sedan that was now between my vehicle and the other SUV. The driver of the white or light colored vehicle was outside her sedan and she was barefoot, so I then realized the sedan had changed lanes into that 2-3 car length space before the accident.

I did not observe if and when an impact occurred between the white or light colored sedan and the SUV that was traveling in front of me a few seconds before the accident.

I believe that the unsafe lane change and the apparent less-than-appropriate driving posture of the plaintiff Beriam Ortiz were significant factors that contributed to the happening of this accident.

WHEREFORE, I respectfully request that the motion for summary judgment be denied in all respects.

Erin Kathleen Barlow

Sworn to before me this
7th day of May, 2008

_____
NOTARY PUBLIC