UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BERIAM ORTIZ,

        Plaintiff,

    -against-                                 07-CV-10365

ERIN KATHLEEN BARLOW, TOYOTA
MOTOR CREDIT CORP., and CAROL
SHERMAN,

        Defendants.
------------------------------------------------------------X

# MEMORANDUM OF LAW IN REPLY

Respectfully submitted,

JAY S. HAUSMAN & ASSOCIATES, P.C.
Attorneys for Plaintiff
280 North Central Avenue, Suite 40
Hartsdale, New York 10530
(914)946-3344

## PRELIMINARY STATEMENT

This personal injury action stems from a three vehicle accident that occurred on April 20, 2007, at approximately 5:00 p.m., on Bruckner Boulevard at or near its intersection with East Tremont Avenue, Bronx, New York. The plaintiff moved this Honorable Court for partial summary judgment, determining issues of liability against the defendant Erin Kathleen Barlow. Erin Kathleen Barlow has opposed the application, and this Memorandum of Law is submitted in reply to the arguments made by defendant Barlow.

## ARGUMENT

In opposition to the plaintiff's motion for partial summary judgment, defendant Barlow desperately strives to create an issue of fact where none exists. Pertinently, defendant Barlow admits that she took her eyes away from the roadway just prior to the happening of this accident. Because she took her eyes away from the roadway, she is unable to explain the events which transpired immediately prior to the happening of this accident. But her inability to explain these events does no absolve her of negligence, nor does it create the possibility of negligence on the part of any other driver. Rather, it solidifies liability against her.

Defendant Barlow argues that the plaintiff must have made an "unsafe" lane change. But defendant Barlow didn't see the plaintiff move into her lane of travel because she had diverted her eyes from the roadway[1]. Looking at a map, rather than the road, she cannot attest to the distance between her vehicle, the plaintiff's vehicle, and defendant Sherman's vehicle at the time

---

[1] Defendant Barlow claims to have seen a light colored sedan with a person's bare foot hanging out the window. She then makes a factual leap by speculating that the latter vehicle was the one ultimately involved in the accident simply because the plaintiff purportedly had bare feet after the collision. But even if this were the same vehicle she saw traveling to her right, there is absolutely no competent evidence of an unsafe lane change, as described further herein.

of the alleged lane change. There is absolutely no evidence to establish that the plaintiff was guilty of any negligence in relation to this collision. Defendant Barlow offers no more than speculation and surmise in a transparent attempt to create an issue of fact where none exists.

In a similar vein, defendant Barlow suggests that the plaintiff may have made contact with defendant Sherman prior to the contact between her vehicle and the plaintiff's. Again, there is no evidence suggesting this. Defendant Barlow cannot say whether there was a prior collision because she was not looking at the roadway. Her allegations are sheer speculation.

The plaintiff has attested, under oath, that she was contacted in the rear of her vehicle and pushed into the vehicle of defendant Sherman. As there is no competent evidence before the Court indicative of anything to the contrary, or suggestive of any negligence on the plaintiff's part, summary judgment should be granted to the plaintiff, and issues of liability resolved in her favor.

## **CONCLUSION**

For all the forgoing reasons, plaintiff's application should be granted by this Honorable Court.

Respectfully submitted,

JAY S. HAUSMAN & ASSOCIATES, P.C.

By: _____
ELIZABETH M. PENDZICK (EMP-4476)
Attorneys for Plaintiff
280 North Central Avenue, Suite 40
Hartsdale, New York 10530
(914)946-3344

CERTIFICATE OF SERVICE

I certify that I mailed a copy of Plaintiff's Memorandum of Law in Reply by U.S. Mail, to EUSTACE & MARQUEZ, 1311 Mamaroneck Avenue, 3rd Floor, White Plains, New York, 10605, attorney in charge for Defendant SHERMAN and to Law Offices of Neil L. Kanzer, 17 State Street, 25th Floor, New York, New York 10004, attorney in charge for Defendant BARLOW, on May 14, 2008.

ELIZABETH M. PENDZICK