UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BERIAM ORTIZ,
Plaintiff,

-against-

07-CV-10365

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT CORP., and CAROL SHERMAN,
Defendants.
-----------------------------------------------------------X

# **MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO CROSS-MOTION**

Respectfully submitted,

JAY S. HAUSMAN & ASSOCIATES, P.C.
Attorneys for Plaintiff
280 North Central Avenue, Suite 40
Hartsdale, New York 10530
(914)946-3344

## PRELIMINARY STATEMENT

This personal injury action stems from a three vehicle accident that occurred on April 20, 2007, at approximately 5:00 p.m., on Bruckner Boulevard at or near its intersection with East Tremont Avenue, Bronx, New York. The plaintiff moved this Honorable Court for partial summary judgment, determining issues of liability against the defendant Erin Kathleen Barlow. Defendant Carol Sherman has now cross-moved for summary judgment, requesting the dismissal of the complaint and all cross-claims against her. This Memorandum of Law is submitted to address the arguments of defendant Sherman.

## ARGUMENT

Consistent with the plaintiff's affidavit, the defendant Sherman claims that she was traveling in slow moving traffic when she heard a crash somewhere behind her vehicle. This, obviously, was the contact between the defendant Barlow's vehicle and the vehicle of the plaintiff. Two to three seconds later, defendant Sherman felt a contact to the rear of her vehicle. This would be the point in which the plaintiff's vehicle was pushed into the vehicle of defendant Sherman, after being struck by defendant Barlow's vehicle. Thus, defendant Sherman's affidavit puts to rest defendant Barlow's surmise that there may have been a contact between the plaintiff and defendant Sherman's vehicle prior to her collision with the vehicle of the plaintiff.

Consistent with the plaintiff's assertions, the defendant Sherman also attests that defendant Barlow stated, after the accident, that she did not see the vehicle in front of her (the vehicle of the plaintiff) because she was looking at an atlas. This admission against interest clearly establishes defendant Sherman's liability for the happening of this accident. All of the affidavits of the parties indicate that the fault for the happening of this accident is with defendant

Barlow. Pertinently, even defendant Barlow admits looking at a map just prior to striking the plaintiff's vehicle.

Despite Barlow's attempts to divert attention from her negligence, by speculating and making unsubstantiated allegations, there is no evidence to suggest that any fault for the happening of this accident rests with any other party. *See* Payne v. Pauley, 337 F.3d 767, 772 (7th Cir. 2003)(although personal knowledge may include reasonable inferences, those inferences must be grounded in observation or other first hand personal experience and must not be flights of fancy, speculations, or hunches). Even presuming that the plaintiff changed lanes prior to the happening of this accident, as defendant Barlow suggests, the lane change had been completed prior to the occurrence. As can be seen from the photographs annexed to Plaintiff's Affirmation in Partial Opposition as Exhibit "A," this was a direct rear end accident. Defendant Barlow did not contact the right rear, or left rear of the plaintiff's vehicle. Nor did defendant Barlow contact the side of the plaintiff's vehicle.

A lane change is not negligence. Had the defendant Barlow been looking at the roadway, she would not have made contact with the plaintiff's vehicle. Nonetheless, should this Court find that issues of fact preclude an award of summary judgment to the plaintiff, plaintiff opposes defendant Sherman's application for summary judgment until such time as discovery has been conducted.

**CONCLUSION**

For all the forgoing reasons, plaintiff's application should be granted by this Honorable Court.

Respectfully submitted,

JAY S. HAUSMAN & ASSOCIATES, P.C.

By: ______________________

ELIZABETH M. PENDZICK (EMP-4476)
Attorneys for Plaintiff
280 North Central Avenue, Suite 40
Hartsdale, New York 10530
(914)946-3344

NOTICE OF ENTRY

Sir:-Please take note that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on 2008

Dated,

Yours, etc.,
**JAY S. HAUSMAN & ASSOCIATES, P.C.**
*Attorneys for Plaintiffs*
*Office and Post Office Address*
280 North Central Avenue-Suite 40
Hartsdale, N.Y. 10530

To
All Counsel
Attorney(s) for

NOTICE OF SETTLEMENT

Sir:-Please take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at

on
2008
at M.
Dated.

Yours, etc.
**JAY S. HAUSMAN & ASSOCIATES, P.C.**
*Attorneys for Plaintiff(s)*
*Office and Post Office Address*
280 North Central Avenue-Suite 40
Hartsdale, N.Y. 10530

TO
All Counsel
Attorney(s) for

Civil Action Number: 07-CV-10365

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**BERIAM ORTIZ,**

*Plaintiff(s)*

-against-

**ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT, CORP. and CAROL SHERMAN,**

*Defendant(s)*

**MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO CROSS-MOTION**

**JAY S. HAUSMAN & ASSOCIATES, P.C.**
*Attorneys for Plaintiff(s)*
*Office and Post Office Address, Telephone*
280 North Central Avenue-Suite 40
Hartsdale, N.Y. 10530
(914) 946-3344

To ALL COUNSEL
Attorney(s)

Service of a copy of the within
is hereby admitted.
Dated, ______________________

Attorney(s) for