UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
BERIAM ORTIZ,

               Plaintiff

     v.

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT,
CORP. AND CAROL SHERMAN,

               Defendants
-------------------------------------x

Docket No.:  07 CIV
10365

**NOTICE OF ENTRY**

**JUDGE ASSIGNED:
HON. D. CHIN**

S I R S:

     PLEASE TAKE NOTICE, that an Order of which the attached is

a true copy was entered in the office of the clerk of this Court

on June 10, 2008.

DATED:     June 12, 2008
            White Plains, New York

                  Yours, etc.,
                  EUSTACE & MARQUEZ
                  Attorneys for DEFENDANT
                  **CAROL SHERMAN**
                  Office and Post Office Address
                  1311 Mamaroneck Avenue
                  3rd Floor
                  White Plains, New York  10605
                  (914) 989-6650

                  By:                
                     John R. Marquez - 3623

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6|10|08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

BERIAM ORTIZ,                                :

                              Plaintiff,     :        **MEMORANDUM DECISION**

               - against -                   :        07 Civ. 10365 (DC)

ERIN KATHLEEN BARLOW and                     :
CAROL SHERMAN,
                                             :
                              Defendants.
                                             :
- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**    JAY S. HAUSMAN & ASSOCIATES, P.C.
                    Attorneys for Plaintiff Beriam Ortiz
                         By:  Jay S. Hausman, Esq.
                              Elizabeth M. Pendzick, Esq.
                    280 North Central Avenue, Suite 40
                    Hartsdale, New York  10530

                    ANTHONY D. PERRI, ESQ.
                    Attorney for Defendant Erin Kathleen Barlow
                    17 State Street, 25th Floor
                    New York, New York  10004

                    EUSTACE & MARQUEZ
                    Attorneys for Defendant Carol Sherman
                         By:  John R. Marquez, Esq.
                    1311 Mamaronek Avenue, 3rd Floor
                    White Plains, New York  10605

**CHIN, District Judge**

        On April 20, 2007, three cars traveling on Bruckner

Boulevard in the Bronx were involved in an accident, and

plaintiff Beriam Ortiz was seriously injured.  Ortiz now moves

for summary judgment on the issue of defendant Erin Kathleen

Barlow's liability.  Defendant Carol Sherman cross-moves for

summary judgment, seeking dismissal from the case.  For the

reasons that follow, Ortiz's motion is denied and Sherman's

motion is granted.

## BACKGROUND

### A.    Facts

The facts are taken from the affidavits and attached exhibits submitted by the parties. For purposes of these cross-motions for summary judgment, the facts are construed in the light most favorable to the parties opposing summary judgment.

On April 20, 2007, around 5:00 p.m., three cars were traveling on Bruckner Boulevard near its intersection with East Tremont Avenue in the Bronx. (Ortiz Aff. ¶¶ 3, 4; Sherman Aff. ¶ 2). Ortiz was driving a 2003 Volkswagen four-door sedan. (Ortiz Aff. ¶ 3). Barlow was driving a red 2003 Ford Explorer SUV. (Barlow Aff. 1; Ortiz Aff. ¶¶ 3, 4). Sherman was driving a 2006 Lexus SUV. (Sherman Aff. ¶ 2; Barlow Aff. 2).

Just before the accident, Barlow was traveling 2-3 car lengths behind Sherman's SUV in the left-hand lane. (Barlow Aff. 1). Barlow glanced to her right to retrieve a map that she had on her passenger seat. (Id.). As she did so, she observed a white or light colored sedan driving beside her in the middle lane of traffic. (Id. 1-2). The sedan's driver's side window was open and the female driver's bare foot was sticking out the window. (Id. 2). When Barlow looked forward again, her car struck something in front of her, and her vision was immediately obscured by the gas and dust from the activation of her air bag. (Id.; Ortiz Aff. ¶¶ 3, 4).

At the same time, Sherman was driving in slow-moving traffic when she heard the sound of a crash somewhere behind her

-2-

I

vehicle. (Sherman Aff. ¶ 3). Moments later, her vehicle was struck in the rear by Ortiz's vehicle. (Id. ¶ 4; Ortiz Aff. ¶ 4). When her vehicle was struck, Sherman was still moving forward in slow-moving traffic. (Sherman Aff. ¶ 5).

When Barlow got out of her SUV, she realized that the accident involved three vehicles -- her own Ford SUV, Sherman's Lexus SUV, which she had been following in the left lane, and the white or light colored sedan that had been beside her in the middle lane. (Barlow Aff. 2). The sedan was now between Barlow's vehicle and Sherman's vehicle. (Id.). The impact had caused substantial damage to the back end of the sedan. (Pendzick Aff. Ex. A). The driver of the sedan -- who Barlow learned was Ortiz -- was standing barefoot outside the sedan. (Barlow Aff. 2; Sherman Aff. ¶ 7). At that point, Barlow realized that Ortiz changed lanes into the space between her vehicle and Sherman's immediately before the accident. (Barlow Aff. 2).

Barlow approached Ortiz, apologized for the accident, and admitted to reading a map while driving. (Ortiz Aff. ¶ 5; Pendzick Aff. Ex. F at 1). Sherman heard Barlow state that she was looking at her atlas and did not see the vehicle in front of her. (Sherman Aff. ¶ 9). Barlow told the police officer at the scene that she was driving straight when she looked down at her map and that when she looked back at the road she was unable to avoid hitting Ortiz's vehicle. (Pendzick Aff. Ex. F at 1). Ortiz and Sherman both told the police officer that they were driving straight at the time of the accident. (Id.).

-3-

In short, it is undisputed that Barlow's vehicle (the third car in the chain) struck Ortiz's vehicle (the second car in the chain) in the rear, and then Ortiz's vehicle struck Sherman's vehicle (the first car in the chain) from behind. It is disputed, however, whether Ortiz's vehicle cut into the lane in front of Barlow's vehicle in an unsafe manner.

**B.   Procedural History**

Ortiz filed the instant complaint on October 16, 2007 in New York State Supreme Court, Bronx County, against Barlow, Sherman, and Toyota Motor Credit Corporation. The action was removed to this Court on November 15, 2007. On November 12, 2007, Sherman answered, and on January 2, 2008, Barlow answered and cross-claimed against Sherman and Toyota Motor Credit Corporation. On January 4, 2008, the claims against Toyota Motor Credit Corporation were discontinued.

On May 5, 2008, Ortiz moved for partial summary judgment against Barlow on the issue of liability. On May 19, 2008, Sherman moved for summary judgment, seeking to dismiss the complaint and any cross-claims against her.

**DISCUSSION**

**A.   Applicable Law**

**1.   Summary Judgment Standard**

Summary judgment is appropriate only where the parties' submissions "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v.

-4-

<u>Catrett</u>, 477 U.S. 317, 322-23 (1986).  Summary judgment is inappropriate if the Court, resolving all ambiguities and drawing all reasonable inferences against the moving party, finds that the dispute about a material fact is "such that a reasonable jury could return a verdict for the nonmoving party." <u>See</u> <u>Anderson v.</u> <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986).

   2.   **New York State Vehicle and Traffic Laws**

       Under New York law, "drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident." <u>Johnson v. Phillips</u>, 261 A.D.2d 269, 271 (1st Dep't 1999) (internal quotation omitted).

       New York Vehicle and Traffic Law § 1128 provides, in relevant part:

> Whenever any roadway has been divided into
> two or more clearly marked lanes for traffic
> . . . [a] vehicle shall be driven as nearly
> as practicable entirely within a single lane
> and shall not be moved from such lane until
> the driver has first ascertained that such
> movement can be made with safety.

N.Y. Veh. & Traf. Law § 1128 (McKinney 1996).  This provision makes it illegal to change lanes in front of another vehicle without sufficient room to do so safely. <u>See</u> <u>Shuman v. Maller</u>, 45 A.D.3d 566, 567 (2d Dep't 2007) (driver who entered other vehicle's traffic lane without yielding to the vehicle's right of way, striking the vehicle proceeding lawfully, is negligent as a matter of law).

       New York Vehicle and Traffic Law § 1129(a) provides, in relevant part:

-5-

> The driver of a motor vehicle shall not
> follow another vehicle more closely than is
> reasonable and prudent, having due regard for
> the speed of such vehicles and the traffic
> upon and the condition of the highway.

N.Y. Veh. & Traf. Law § 1129(a) (McKinney 1996). Accordingly, a driver who approaches another automobile from the rear must maintain a safe speed and maintain control of his vehicle to avoid a collision. Power v. Hupart, 260 A.D.2d 458, 458 (2d Dep't 1999); see also Ruzycki v. Baker, 301 A.D.2d 48, 49 (4th Dep't 2002).

"Ordinarily, the negligence of a defendant is a question of fact, inappropriately resolved on a motion for summary judgment." Waller v. Williams, 03 Civ. 8305 (GEL), 2005 WL 1460562, at *3 (S.D.N.Y. June 20, 2005). Under § 1129(a), however, a driver's failure to maintain a safe distance between her vehicle and the vehicle in front of her, in the absence of an adequate non-negligent explanation, constitutes negligence as a matter of law. Zakutny v. Gomez, 258 A.D.2d 521, 521 (2d Dep't 1999). For example, a rear-end collision with a stopped vehicle establishes a prima facie case of liability against the driver of the moving vehicle and imposes a duty of explanation on its driver. Johnston v. Spoto, 47 A.D.3d 888, 889 (2d Dep't 2008).

**B.    Ortiz's Motion for Summary Judgment Against Barlow**

Ortiz moves for summary judgment against Barlow on the issue of liability. Specifically, Ortiz argues that Barlow admitted that she was looking at her map immediately before the collision, and therefore she failed to maintain a safe distance

-6-

between her vehicle and Ortiz's in violation of New York Vehicle
and Traffic Law § 1129(a).  Ortiz further submits that Barlow's
admission entitles Ortiz to judgment as a matter of law.  Ortiz
flatly denies she acted negligently by changing lanes in front of
Barlow's vehicle in violation of New York Vehicle and Traffic Law
§ 1128, and alleges that Barlow speculates regarding the events
leading up to the accident to intentionally create a disputed
issue of material fact where none exists.

     Ortiz's motion for summary judgment is denied.  The
parties advance different versions of the cause of the accident,
creating genuine disputed issues of material fact.

     Despite the presumption of negligence against Barlow as
the operator of the trailing vehicle, Barlow has rebutted the
presumption by offering evidence of a non-negligent reason for
the accident -- namely, that Ortiz change lanes without
sufficient room to do so, therefore causing, in part or in whole,
the accident.  See Shuman v. Maller, 45 A.D.3d 566, 567 (2d Dep't
2007) (driver entering motorcycle's traffic lane acted
negligently by not yielding to the motorcycle's right of way,
where the motorcyclist was proceeding lawfully).

     Ortiz's argument that there is no evidence that she
engaged in an unsafe lane change fails.  Barlow's affidavit
provides sufficient circumstantial evidence of Ortiz's lane
change to raise a triable issue of fact for the jury.  See
Zakutny, 258 A.D.2d at 521 (granting summary judgment where
defendant failed to submit his own statement describing

circumstances surrounding the accident in opposition to the
motion). Barlow affirms that she saw a sedan similar to Ortiz's
operated by a woman hanging her shoeless foot out the car window
immediately before the accident. Barlow also affirms that after
the accident she realized she had collided with the same sedan
she had just seen traveling in the lane next to hers, and that
the operator of the vehicle she collided with -- Ortiz -- was not
wearing shoes. Sherman's affidavit provides corroborating
evidence that Ortiz was not wearing shoes at the scene of the
accident. Ortiz herself submitted photographs of the damage to
the rear end of her vehicle. (Pendzick Aff. Ex. A). These
photographs depict damage consistent with impact caused by an
illegal lane change by the driver of the damaged vehicle.
Specifically, there is a deep indentation in the center of the
sedan's bumper, indicating that it was not hit head-on, but
rather at an angle.



Moreover, a reasonable juror could conclude that a driver was not acting prudently while sticking her shoeless foot out the window while driving.

Finally, the fact that Barlow looked at her map before the accident does not alone make her negligent as a matter of law. It is disputed whether Barlow looked down at her map long enough to cause the accident. It is also disputed whether Barlow drove at a reasonable distance from the SUV in front of her. Even assuming Barlow was negligent in looking down at the map, genuine issues still exist as to whether Ortiz was also negligent and, if so, the extent to which Barlow and Ortiz were each at fault.

Resolving all conflicts in the evidence and drawing all reasonable inferences in Barlow's favor, I conclude that a reasonable jury could find, on the basis of the record before me, that Barlow is not liable at all or that she was only partially at fault.

C.    **Sherman's Motion for Summary Judgment**

With respect to Sherman's role in the accident, the presumption that the first motorist in a chain-reaction automobile accident is non-negligent applies. See Sherin v. Roda, 14 A.D.3d 604, 605 (2d Dep't 2005) (in chain reaction accident involving three vehicles, lead driver who was struck from behind while stopped at red light was not negligent). Neither Ortiz nor Barlow submitted evidence disputing that Sherman was driving in a reasonably prudent and safe manner at the time of the accident. Ortiz admits that as a result of being

struck from behind, her car was pushed forward into the Lexus operated by Sherman. Without any evidence whatsoever of wrongdoing on Sherman's part, the presumption in her favor as the lead driver prevails and the complaint and cross-claims against her are dismissed.[1]

## CONCLUSION

For the reasons set forth above, Ortiz's motion for summary judgment is denied and Sherman's motion for summary judgment is granted and Sherman is dismissed from the case. The remaining parties shall proceed with discovery. All discovery, both fact and expert, shall be completed by August 8, 2008. The Court will hold a pre-trial conference on August 8, 2008 at 10:30 a.m., in Courtroom 11A.

SO ORDERED.

Dated:    New York, New York
          June 10, 2008

DENNY CHIN
United States District Judge

---

[1] Both Ortiz and Barlow have submitted affidavits setting forth their version of what happened. Neither provides any evidence or claim of fault on the part of Sherman. Accordingly, Barlow's argument that Sherman's motion should be denied because the parties have not yet sufficiently explored what role she played in the accident is without merit.

-10-

Index No.:  07 CIV 10365

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BERIAM ORTIZ,

        Plaintiff

     -against-

ERIN KATHLEEN BARLOW, TOYOTA MOTOR CREDIT, CORP. AND
CAROL SHERMAN,

        Defendants

---

---

**NOTICE OF ENTRY**

---

**EUSTACE & MARQUEZ**
Attorneys for Defendant
**Carol Sherman**
Office and Post Office Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650